ROBERT E. GOODRIDGE *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY.

Middlesex. April 5, 1978. — June 19, 1978.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*State Administrative Procedure Act. Evidence,* Hearsay evidence. *Employment Security,* Procedure, Findings by board of review. *Words,* "Substantial evidence."

In a proceeding before the board of review of the Division of Employment Security, there was insufficient evidence to warrant the review examiner's finding that an employee had left his employer's premises on personal business after having sought and been denied permission to leave. [436-437]

In a proceeding before the board of review of the Division of Employment Security, the exclusion from evidence of portions of an employer's handbook for employees was improper where the employee claimed that in leaving his employer's premises on personal business he acted in reliance on statements in the handbook. [437]

Even though a finding by the board of review of the Division of Employment Security that an employee had left his employer's premises on personal business after having sought and been denied permission to leave was not warranted by the evidence, this court declined to enter judgment granting him benefits and remanded the case to the board of review for a new hearing where the reason for the employee's discharge was unclear on the record and there was evidence which might support a finding against him. [437-438]

PETITION filed in the District Court of Somerville on March 4, 1975.

The case was heard by *DeMarco*, J.

*Philip K. Hamilton* for Robert E. Goodridge.

*Frank J. Scharaffa*, Assistant Attorney General, for the Director of the Division of Employment Security.

WILKINS, J. The board of review of the Division of Employment Security determined that the appellant, Robert E. Goodridge, was disqualified from receiving unemployment benefits because his discharge from employment was shown "to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest." G. L. c. 151A, § 25 (e) (2), as amended through St. 1973, c. 899, § 2.

The review examiner, whose decision is to be treated as that of the board of review (G. L. c. 151A, § 41), found that Goodridge had been warned against leaving his work area, without permission, to attend to personal business. He further found that on June 24, 1974, Goodridge left his employer's premises on personal business after having sought and been denied permission to leave. The review examiner ordered a denial of certain benefits and a reduction of Goodridge's benefit credit.

A District Court judge affirmed the decision of the board of review. We reverse that judgment because there was no substantial evidence to warrant the finding that Goodridge left his work area after being expressly denied permission to do so and because of the improper exclusion of evidence.

Goodridge worked for the Massachusetts General Hospital (hospital) as an accounts payable clerk. He was discharged on June 25, 1974. A personnel assistant of the hospital testified that Goodridge was discharged because on June 24, 1974, he asked permission to leave his work area, was told he could not, but left anyway. Goodridge testified that he left the hospital to register a complaint against the hospital with the Equal Employment Opportunity Commission. He testified that he pursued his grievance in the manner he did in reliance on statements in the hospital's handbook for employees. The review examiner, however, excluded material in the handbook from evidence.

The issue here is not whether Goodridge was discharged for good cause or whether he was discriminated against. It is whether the Legislature intended that certain unemployment benefits should be denied in the circumstances of a case such as this. Deliberate misconduct alone is not enough. Such misconduct must also be in "wilful disregard" of the employer's interest. Deliberate misconduct in wilful disregard of the employer's interest suggests intentional conduct or inaction which the employee knew was contrary to the employer's interest. See Annot., 58 A.L.R.3d 674, 685 (1974).

There was no substantial evidence (G. L. c. 30A, § 1 [6]) to support the finding that Goodridge was expressly refused permission to leave the hospital on June 24. Therefore, that finding of the review examiner cannot be sustained. Goodridge testified that his supervisor granted him permission to leave. His supervisor testified that Goodridge just left without asking. Although a personnel assistant of the hospital testified that Goodridge sought and was denied permission to leave the hospital, that witness had no personal contact with Goodridge on that day. Neither Goodridge nor his supervisor, the only persons shown to have been directly involved, testified that Goodridge was expressly denied permission to leave the hospital.

The personnel assistant's testimony was hearsay of a character which would have been inadmissible under traditional rules of evidence. Those rules of evidence, of course, do not apply in proceedings under the State Administrative Procedure Act.[1] However, an agency finding must be supported by substantial evidence, that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1 (6), inserted by St. 1954, c. 681, § 1.

---

[1] "Unless otherwise provided by any law, agencies need not observe the rules of evidence observed by courts, but shall observe the rules of privilege recognized by law. Evidence may be admitted and given probative effect only if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs." G. L. c. 30A, § 11 (2), inserted by St. 1954, c. 681, § 1.

The personnel assistant's unexplained and unsupported testimony, contradicted by the only two persons directly involved, that Goodridge left the hospital after permission was expressly denied is not substantial evidence. We reach this conclusion, not because that evidence is hearsay or because in no circumstances could such evidence be given probative effect, but because on this record it was not reasonable to accept it as adequate to support the finding.[2] The personnel assistant's uncorroborated testimony runs contrary not only to Goodridge's testimony but also to that of the hospital's supervisory employee who saw Goodridge leaving but did not object. The only evidence of Goodridge's reason for leaving was his testimony that he had permission to leave and that he thought the hospital's personnel handbook permitted him to pursue his grievance. Even if this evidence were disbelieved, that disbelief does not constitute substantial evidence that he requested permission to leave and permission was denied.

Additionally, the exclusion from evidence of portions of the hospital's handbook for employees was improper. Goodridge's state of mind in leaving the premises was an important factual issue. To deny benefits, any misconduct had to be found to be deliberate and in wilful disregard of the hospital's interest. If he was acting solely in good faith reliance on material which the hospital furnished to him, his conduct would not support a finding denying him unemployment benefits.

We reject Goodridge's argument that there was no substantial evidence to support a finding against him and that,

---

[2] "We have not yet decided whether uncorroborated hearsay, inadmissible in judicial proceedings, may constitute substantial evidence to support an agency finding under the State Administrative Procedure Act. In *Sinclair* v. *Director of the Div. of Employment Security*, 331 Mass. 101 (1954), we held such evidence inadequate to support a finding, but that case arose before the enactment of G. L. c. 30A. We have not been obliged to answer the question since. See *Dwyer* v. *Commissioner of Ins.*, ante 227, 236 (1978). We need not decide the point here either because, even if in some instances hearsay alone may support an agency finding, the hearsay in this case may not.

therefore, judgment should be entered granting him benefits. There was evidence that Goodridge had received general warnings not to leave his work area without permission. He may have been discharged for this reason, but the review examiner's decision does not make clear the reasons for Goodridge's discharge. If the hospital discharged him solely on the ground that he left his work area after being expressly denied permission to leave, this ground given by the hospital for Goodridge's discharge is not sustainable on this record. However, if the hospital would have discharged Goodridge in any event for violations of its general warnings not to leave his work area, we think the agency should make the determination, in the first instance, whether an employer who may have adequate, disqualifying grounds for discharging an employee may rely on those grounds when the only reason initially advanced for the employee's discharge is not sustained by the evidence. We cannot say on this record that no finding could have been made against Goodridge.

The judgment is reversed. Judgment shall be entered remanding the proceeding to the Division of Employment Security for a new hearing.

*So ordered.*