KENNETH HAWKINS vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Hampden. April 4, 1984. — June 26, 1984.

Present: WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Employment Security,* Eligibility for benefits.

The record of proceedings before a review examiner in the Division of Em-
ployment Security adequately supported the finding that an employee
who, after being requested by his employer to do so, twice refused to
remove portable radio earphones while performing his duties as a kitchen
worker wilfully acted in a manner contrary to his employer's interest.
[306-307]

A review examiner in the Division of Employment Security could properly
conclude that an employee who refused his employer's request that he
remove portable radio earphones while working was not acting in good
faith reliance on the employer's formalized discipline policies. [307-308]

CIVIL ACTION commenced in the Springfield Division of the
District Court Department on July 15, 1982.

The case was heard by *Walsh, J.*

*Suzanne Harris* for the plaintiff.

*George J. Mahanna,* Assistant Attorney General, for Direc-
tor of the Division of Employment Security.

LIACOS, J. The appellant, Kenneth Hawkins, was dis-
charged from his job as a kitchen utility worker at the Marriott
Hotel in Springfield on January 26, 1982. Hawkins's applica-
tion for unemployment benefits was denied by the representa-
tive of the director of the Division of Employment Security.
Hawkins applied for a hearing before a review examiner. Fol-
lowing a hearing, the review examiner affirmed the denial of
benefits, based on a finding that Hawkins's discharge was
"attributable solely to deliberate misconduct in wilful disregard

[1] Marriott Corporation.

of the employing unit's interest." G. L. c. 151A, § 25 (e) (2), as appearing in St. 1975, c. 684, § 78. Hawkins's application for review by the board of review (board) was denied, and thus the decision of the review examiner became the decision of the board for purposes of judicial review. Hawkins filed a petition for judicial review pursuant to G. L. c. 151A, § 42, in the Springfield District Court. A judge of the Springfield District Court affirmed the board's decision. Hawkins appealed pursuant to G. L. c. 151A, § 42. We affirm.

The facts found by the review examiner are these. Hawkins began working at the Marriott Hotel on February 15, 1979, and commenced his duties as a kitchen utility worker on August 21, 1981. On January 26, 1982, Hawkins was listening to a portable radio through earphones while he performed his work. Hawkins's supervisor told him to remove his earphones while he was working. Hawkins refused, contending that the earphones did not interfere with his work. The department manager also told Hawkins to remove the earphones so as not to hinder his ability to hear job instructions. Hawkins again refused. The department manager then discharged Hawkins.

The review examiner found that Hawkins was warned, on an earlier occasion when he failed to follow his supervisor's orders, that another infraction of this type could subject him to discharge. The review examiner also found that Hawkins's refusal to remove the earphones, following a reasonable and legitimate request by the supervisor, amounted to gross insubordination. The review examiner thus concluded that the discharge resulted solely from Hawkins's deliberate misconduct in wilful disregard of the employing unit's interest.

Hawkins claims that the board's decision was unsupported by substantial evidence. The purpose of G. L. c. 151A, § 25 (e) (2), "is to deny benefits to a claimant who has brought about his own unemployment through intentional disregard of standards of behavior which his employer has a right to expect." *Garfield* v. *Director of the Div. of Employment Sec.,* 377 Mass. 94, 97 (1979). We have defined "[d]eliberate misconduct in wilful disregard of the employer's interest" as "intentional conduct or inaction which the employee knew was contrary to

the employer's interest." *Goodridge* v. *Director of the Div. of Employment Sec.,* 375 Mass. 434, 436 (1978).

In his testimony before the review examiner, Hawkins admitted that he twice refused to remove his earphones after being instructed by his superiors to do so. Hawkins did not deny that the department, manager told him to remove the earphones so that they would not interfere with his ability to hear instructions while working. The record thus clearly supports the review examiner's finding that Hawkins intentionally disregarded a reasonable job request, knowing that his failure to comply was contrary to his employer's interest.

Hawkins contends, however, that he should not be disqualified from receiving unemployment benefits, since his employer disregarded its formalized discipline policies in discharging him. Hawkins maintains that he was not warned previously that failure to remove his earphones could result in immediate termination, and thus believed that such misconduct would subject him only to a progressive disciplinary procedure. Assuming, without so holding, that failure to give a prior warning is relevant to Hawkins's entitlement to benefits, the review examiner's finding that he was so warned, prior to his discharge, was supported by substantial evidence. This finding is based primarily on conflicting oral testimony from the department manager and Hawkins. The review examiner bears "[t]he responsibility for determining the credibility and weight of [conflicting oral] testimony," and we find "nothing in the record before us to warrant the substitution of our judgment for [his] on [this] ancillary question[ ]." *Trustees of Deerfield Academy* v. *Director of the Div. of Employment Sec.,* 382 Mass. 26, 31-32 (1980).

We reject Hawkins's claim that he acted in good faith reliance on the disciplinary procedures in the employee handbook when he engaged in purposeful misconduct. Such a finding of fact is not to be made by an appellate court. *Goodridge* v. *Director of the Div. of Employment Sec., supra,* which Hawkins cites as support for this claim, is inapposite. In *Goodridge* we concluded that there was no substantial evidence to support the board's decision that the claimant engaged in deliberate

misconduct in wilful disregard of the employer's interest. Goodridge was discharged for leaving his work place to pursue a grievance, in reliance on a provision in his employee handbook. We decided that if the claimant "was acting solely in good faith reliance on material which the [employer] furnished to him, his conduct would not support a finding denying him unemployment benefits," *id.* at 437, and remanded the matter for a new hearing. There was no claimed reliance in this case on a provision in the employee handbook allowing the use of radio earphones. Hawkins's refusal to comply with his employer's reasonable request to remove earphones while working is not an act in good faith reliance on the disciplinary procedure in the Marriott Hotel handbook.

We affirm the judgment of the District Court judge upholding the board's denial of unemployment benefits to Hawkins, pursuant to G. L. c. 151A, § 25 (*e*) (2).

*So ordered.*