ROBERT E. WARDELL vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Worcester. February 6, 1986. — April 28, 1986.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Employment Security,* Misconduct by employee, Eligibility for benefits.
*Administrative Law,* Substantial evidence. *Words,* "Conviction," "Delib-
erate misconduct."

A District Court proceeding in which an employee admitted to sufficient
facts to warrant a guilty finding on a criminal complaint, whereupon
his case was continued without a finding for one year on probationary
terms, did not culminate in a "conviction" which, under G. L. c. 151A,
§ 25 (e) (3), would disqualify the employee from receiving unemploy-
ment benefits. [435-436]

An employee's admission, in a District Court proceeding, to sufficient facts
to warrant a finding of guilt on a criminal complaint, whereupon his
case was continued on probationary terms without a finding, did not,
in itself, constitute substantial evidence from which a review examiner
in the Division of Employment Security could determine that the alleged
misconduct had indeed occurred. [436-437] NOLAN, J., dissenting.

An employee who had been dismissed from his teaching position with a
junior college could not be disqualified under G. L. c. 151A, § 25 (e)
(2), from receiving unemployment benefits where, although the employ-
ee's admission to sufficient facts in a District Court proceeding to warrant
a finding of guilt on a charge of indecent assault and battery may have
constituted "deliberate misconduct" for purposes of the statute, there
was no evidence from which a review examiner in the Division of
Employment Security could conclude that, by making the admission,
the employee had acted in "wilful disregard" of his employer's interest.
[437-438] NOLAN, J., dissenting.

CIVIL ACTION commenced in the Worcester Division of the
District Court Department on February 27, 1984..

[1] Becker Junior College.

The case was heard by *Philip J. Murphy, J.*, on a motion for summary judgment.

*Paul R. Collier, III,* for the employee.

*Paul Molloy,* Assistant Attorney General, for Director of the Division of Employment Security.

*Kathleen E. O'Connor* for the employer.

HENNESSEY, C.J. Robert E. Wardell (employee) appeals from a judgment of a District Court dismissing his petition for review of a decision denying him unemployment benefits. The employee was disqualified by the board of review of the Division of Employment Security on the ground that he was discharged for "deliberate misconduct in wilful disregard of the employing unit's interest" under G. L. c. 151A, § 25 (*e*) (2) (1984 ed.). We reverse the judgment of the District Court, and remand the case for entry of judgment awarding the employee benefits.

We summarize the findings of fact made by the board of review. The employee was employed as a teacher at Becker Junior College from 1973 to 1983, and was twice promoted: first from lecturer to assistant professor, and then from assistant to associate professor.

In August, 1983, the employee was charged in the Worcester Division of the District Court Department with indecent assault and battery on a child aged fourteen or over.[2] Allegedly, the employee had made a "sexual overture" to his newspaper delivery person. On October 13, 1983, the employee, upon advice of counsel, admitted to sufficient facts to warrant a finding of guilty. However, no finding of guilty was entered; the case was continued without a finding for one year upon probationary terms.[3] This disposition was reported in the "court proceedings" section of two Worcester newspapers.

On October 18, 1983, the employee was terminated from his employment with Becker Junior College. The employee

---

[2] A citizen's complaint was sworn by the alleged victim's mother.

[3] A condition of the continuance was that the employee seek psychiatric counselling. After one year, the charge against the employee was dismissed, presumably upon the performance of this condition.

requested a disciplinary hearing. At this hearing, a vice president of the college stated that he recommended dismissal because the employee's improper personal conduct, in violation of the terms and conditions of his employment contract,[4] had resulted in adverse publicity reflecting "prejudiciously" on the college.

The employee filed a claim for unemployment benefits on October 18, 1983. After a hearing before a review examiner, the employee was disqualified under G. L. c. 151A, § 25 (*e*) (3) (1984 ed.) (no benefits shall be paid to an individual who left work "because of conviction of a felony or misdemeanor"). The employee appealed. The board of review adopted the review examiner's findings and conclusions without a hearing. The employee then filed a petition for judicial review in the District Court pursuant to G. L. c. 151A, § 42 (1984 ed.).

Pending review, the board "recalled" the employee's disqualification, on the ground that § 25 (*e*) (3) was not applicable since the employee had not been "convicted" of the morals offense. The board then remanded the case for the taking of additional evidence, and a further hearing was held. On review, the board modified the review examiner's initial decision, and concluded that the employee had been discharged due to his "deliberate misconduct in wilful disregard of the employing unit's interest," and was thus disqualified under G. L. c. 151A, 25 (*e*) (2). The employee once again filed a petition for judicial review in District Court, which petition was dismissed on the merits upon motion for summary judgment. On appeal, the employee argues that the board's decision disqualifying him under § 25 (*e*) (2) is unsupported by substantial evidence. We agree.

It is clear, and all parties concede, that the employee is not subject to disqualification under § 25 (*e*) (3). This section, by its plain and unambiguous terms, limits disqualification to cir-

---

[4] Section 11:03 of the employment contract provides: "The private and personal life of a faculty member is not within the appropriate control of the Administration except insofar as any conduct should reflect prejudiciously on the institution."

cumstances in which an employee has left work due to his "conviction" of a felony or misdemeanor. G. L. c. 151A, § 25 (*e*) (3). At common law, no "conviction" can occur unless a judgment of guilt has been entered upon a jury verdict, trial court finding, or guilty plea. *Commonwealth* v. *Lockwood,* 109 Mass. 323, 325 (1872). See *Lewis* v. *Exxon Corp.,* 716 F.2d 1398, 1400 (D.C. Cir. 1983). Cf. *Forcier* v. *Hopkins,* 329 Mass. 668, 671 (1953) (discussing "conviction" for purpose of impeachment under G. L. c. 233, § 21), and cases cited. In this case, the employee merely admitted to sufficient facts to *warrant* a finding of guilty. The judge did not enter a finding of guilt as a result of this admission, nor was a sentence ever imposed for the alleged crime. The case was continued for a year, after which time the charge against the employee was dismissed.

We now turn to the issue of the employee's disqualification under § 25 (*e*) (2), for "deliberate misconduct in wilful disregard of the employing unit's interest." It is not clear from the board's decision whether the employee's alleged criminal activity, or his admission to sufficient facts in open court constituted the "deliberate misconduct" supporting the employee's disqualification. In discussing the claimant's actions, the board at times refers to his admission, while elsewhere making vague allusions to his "morals offense" and "improper personal conduct." However, we need not remand the case to the division for clarification regarding which element of alleged misconduct formed the basis for the employee's discharge and resulting disqualification. In the circumstances of this case, we determine that disqualification on the basis of either act is unsupported by substantial evidence. We discuss them separately.

There was no substantial evidence before the review examiner that the employee had committed indecent assault and battery. Neither the alleged victim, nor any witnesses to the incident, testified at the hearing on the employee's claim for unemployment benefits. The sole evidence before the review examiner on this issue was the employee's admission in District Court to sufficient facts to warrant a finding of guilty. An admission to sufficient facts, absent a subsequent finding

of guilt, does not constitute substantial evidence from which a finder of fact in a collateral civil proceeding can determine that the alleged misconduct has indeed occurred.[5] Factors other than consciousness of guilt — including expedience or avoidance of publicity — may motivate a defendant to admit to sufficient facts in exchange for a continuance and eventual dismissal. Criminal charges not resulting in conviction do not provide adequate or reliable evidence that the alleged crime was committed. To the extent that the "deliberate misconduct" relied upon by the board refers to the alleged criminal act of the employee, there was no substantial evidence on the record to warrant his disqualification under § 25. (e) (2).

The director also may be heard to argue that the "deliberate misconduct" which resulted in the employee's discharge and resulting disqualification was the admission itself. The board found that the employee's admission in open court to sufficient facts to warrant a finding of guilty brought negative publicity on the college, and constituted a breach of his employment contract. Although this may constitute "deliberate misconduct" within the meaning of § 25 (e) (2), there was no evidence before the review examiner that the employee's admission to sufficient facts was entered into "in wilful disregard of the employing unit's interest." G. L. c. 151A, § 25 (e) (2). *Goodridge* v. *Director of the Div. of Employment Sec.*, 375 Mass.

---

[5] We base this conclusion on the insubstantiality of the evidence, and not on its inadmissibility. The employee argues that his admission to sufficient facts should not have been admitted in evidence in the hearing before the review examiner. See Mass. R. Crim. P. 12 (f), 378 Mass. 866, 870 (1979) (plea of nolo contendre or plea of guilty later withdrawn, not admissible in subsequent civil or criminal proceeding). See also *Commonwealth* v. *Duquette*, 386 Mass. 834, 838 (1982) (defendant who admits to sufficient facts in District Court entitled to trial de novo in jury-of-six session). However, proceedings before the review examiner are governed by the State Administrative Procedure Act, G. L. c. 30A, § 11 (2) (1984 ed.), which provides that "agencies need not observe the rules of evidence observed by courts," so long as the evidence admitted "is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs." We need not decide whether the employee's admission was properly admitted in evidence, as we conclude that, even if properly before the review examiner, it alone was insufficient to support a finding of deliberate misconduct.

434, 437 (1978). Deliberate misconduct alone is insufficient to support a disqualification under § 25 (e) (2); such misconduct also must be in wilful and purposeful disregard of the employer's interest. *Id.* at 436. *Jean* v. *Director of the Div. of Employment Sec.*, 391 Mass. 206, 208 (1984) (critical factor is employee's state of mind at time of alleged misconduct). Despite repeated evidentiary hearings, there was no evidence on the record that the employee's conduct constituted "wilful disregard" of his employer's interest. From all that was shown before the review examiner, and particularly from the employee's own testimony, it appears that the employee admitted to sufficient facts, at least in part, to avoid the embarrassment and publicity which a protracted trial might arouse. The evidence does not support a conclusion that the employee wilfully disregarded the college's interests. We thus conclude that the employee's disqualification under § 25 (e) (2) is unsupported by substantial evidence.

The judgment of the District Court is reversed, and the case is remanded for the entry of a judgment awarding benefits. In reaching this result, we express no opinion as to whether the college was justified in discharging the employee. That issue is not before us. We merely conclude, in light of the record presented, that the employee may not be disqualified from receiving unemployment benefits by reason of the provisions of either § 25 (e) (2) or § 25 (e) (3) of G. L. c. 151A. See *Director of the Div. of Employment Sec.* v. *Mattapoisett*, 392 Mass. 858, 863 (1984) (standard under which public school teacher may be discharged is substantially less rigorous than standard under which she may be disqualified from receiving unemployment benefits).

*Judgment reversed.*

NOLAN, J. (dissenting). I find the court's reasoning untenable and its result unpalatable. We have held that the purpose of G. L. c. 151A, § 25 (e) (2), "is to deny benefits to a claimant who has brought about his own unemployment through inten-

tional disregard of standards of behavior which his employer has a right to expect." *Garfield* v. *Director of the Div. of Employment Sec.,* 377 Mass. 94, 97 (1979). The crucial issue is the employee's state of mind. The board, in making its determination, must consider the employee's knowledge of the employer's expectation, the reasonableness of that expectation, and the presence of any mitigating factors. *Id*. Here, there was substantial evidence based on either the employee's admission in open court or the fact of his alleged criminal activity to support a finding that the acts of the employee constituted deliberate misconduct which he knew was "contrary to the employer's interest." *Goodridge* v. *Director of the Div. of Employment Sec.,* 375 Mass. 434, 436 (1978). I fail to see how an employee's admission to sufficient facts in a public courtroom that he committed an indecent assault and battery on a child over fourteen could be anything but deliberate misconduct in wilful disregard of his employer's interest. This act was not a "good faith lapse in judgment or attention." *Garfield, supra* at 97. Becker Junior College is an educational institution for young people. The school, in its concern for the well-being of its students, has a right reasonably to expect that its teachers will deport themselves to maintain that well-being. Wardell surely must have known that his admission in court to sufficient facts would not be in the best interests of Becker Junior College. The publicity may not only have affected the emotional stability of the students and parents of those students but also may have had an adverse effect on the recruitment of new students.