JOSEPH M. SANTOS vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Suffolk.   September 11, 1986. — October 8, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Employment Security*, Misconduct by employee, Eligibility for benefits.
   *Words*, "Deliberate misconduct."

An employee's admission to sufficient facts to warrant a finding of guilty
   on a criminal complaint, whereupon his case was continued without a
   finding, did not constitute substantial evidence from which a review
   examiner in the Division of Employment Security could determine that
   the alleged misconduct had indeed occurred. [473]
An employee's admission to sufficient facts to warrant a finding of guilty
   on a charge of possession of marihuana with intent to distribute did not
   constitute "deliberate misconduct" which would disqualify him under
   G. L. c. 151A, § 25 (*e*) (2), from receiving unemployment benefits
   after his discharge from employment as athletic director at a boys' club.
   [473-474]
An employee's failure to inform his employer of the pendency of a criminal
   charge against the employee, and of his admission to sufficient facts to
   warrant a finding of guilty on the charge, did not constitute "deliberate
   misconduct" which would disqualify him under G. L. c. 151A, § 25
   (*e*) (2), from receiving unemployment benefits, in the absence of any
   showing that the employee had a duty to report such matters to his
   employer. [474-475]

CIVIL ACTION commenced in the Brighton Division of the
District Court Department on February 1, 1985.

The case was heard by *Albert H. Burns*, J.

*Steven M. Wise* for the employee.

*Wendy Thaxter*, Assistant Attorney General, for Director of
the Division of Employment Security.

ABRAMS, J. The plaintiff appeals from a judgment of a Dis-
trict Court judge affirming a decision of the Division of Em-

---

[1] The West End House, Inc.

ployment Security (division) denying the plaintiff unemployment compensation benefits. A review examiner concluded that the plaintiff's discharge from work was attributable solely to deliberate misconduct in wilful disregard of the employer's interest within the meaning of G. L. c. 151A, § 25 (e) (2).[2] The board of review of the division (board) denied the plaintiff's application for review. A judge of the District Court affirmed the board's decision.

Because the board denied the plaintiff's application for review, the decision of the review examiner is treated as that of the board. See G. L. c. 151A, § 41 (c) (1984 ed.). The findings of the review examiner are as follows. The plaintiff worked for the West End House, a boys' club, as a director of physical education from September, 1980, until September, 1984. The plaintiff counseled and instructed youngsters in his capacity as a physical education director.

In July, 1984, the plaintiff was arrested by Boston police and charged with possession of marihuana with intent to distribute. On August 24, 1984, the plaintiff admitted to sufficient facts to warrant a finding of guilty, and the case was continued without a finding for six months. On September 24, 1984, the plaintiff was discharged from his job. William Margolin, executive director of the employer, informed the plaintiff he had been terminated because of the charge against him.[3]

On appeal, the plaintiff claims that the record lacks substantial evidence to support the conclusion that he deliberately acted in wilful disregard of his employer's interest.[4] He further

---

[2] General Laws c. 151A, § 25 (e) (2) (1984 ed.), provides that no benefits shall be paid to an individual who has left work "by discharge shown to the satisfaction of the director to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest."

[3] A letter dated October 3, 1984, indicates that the main reason for the plaintiff's discharge was the charge against him and "the subsequent failure of the court to find [him] innocent."

[4] Although the plaintiff's brief mentions G. L. c. 151A, § 25 (e) (3) (1984 ed.), in his argument, it is clear that the plaintiff is not subject to disqualification under that section of the statute. That section provides that no benefits shall be paid to an individual who has left work "because of conviction of a felony or misdemeanor." Merely admitting to sufficient

asserts that his case is governed by our decision in *Wardell* v. *Director of the Div. of Employment Sec.,* 397 Mass. 433 (1986).[5] We agree. We reverse.

In *Wardell,* we held that a college employee's admission to sufficient facts on a charge of indecent assault and battery on a child aged fourteen or over did not provide substantial evidence for denial of unemployment benefits. In this case, as in *Wardell,* the defendant relies on an admission to sufficient facts and a continuance without a finding as sufficient evidence of deliberate misconduct in wilful disregard of an employer's interest.

"An admission to sufficient facts, absent a subsequent finding of guilt, does not constitute substantial evidence from which a finder of fact in a collateral civil proceeding can determine that the alleged misconduct has indeed occurred" (footnote omitted). *Wardell, supra* at 436-437. Neither an arrest nor a criminal charge provides adequate evidence that an alleged crime was committed. *Id.* at 437. The plaintiff in this case never admitted any personal criminal involvement.[6] On this record, the evidence is insufficient to warrant disqualification based on the alleged possession of marihuana with the intent to distribute.

At oral argument, counsel for the division argued that the plaintiff's admission to sufficient facts itself constituted the deliberate misconduct. Counsel suggested that this court should develop a narrow exception to *Wardell* if an admission is clearly connected to an employer's interest. In this case, counsel suggested, the plaintiff's admission to sufficient facts concerning drug-related activity, given his employment as athletic director at a boys' club, was so closely allied with the employ-

---

facts to warrant a finding of guilty is not equivalent to a judgment or finding of guilt. See *Wardell* v. *Director of the Div. of Employment Sec.,* 397 Mass. 433, 435-436 (1986).

[5] Neither the District Court judge nor the board had the benefit of our decision in the *Wardell* case.

[6] The plaintiff claims that he met in his automobile with a person he was counseling and that the drugs were placed on the passenger side by that other person.

er's interest in the well-being of its young members that the very making of the admission was deliberate misconduct in wilful disregard of the employer's interest.

An admission to sufficient facts is not an act of "misconduct." The plaintiff is not to be faulted for following procedures permitted by Mass. R. Crim. P. 12 (a) (3), 378 Mass. 866 (1979). The use of a permissible procedure is not "misconduct." The division suggests that an admission to sufficient facts creates an "appearance of impropriety." However, such an appearance does not constitute misconduct.

General Laws c. 151, § 25 (*e*) (2), denies benefits when an employee "has brought about his own unemployment through intentional disregard of standards of behavior which his employer has a right to expect." *Garfield* v. *Director of the Div. of Employment Sec.,* 377 Mass. 94, 97 (1979). The critical issue is the employee's "state of mind in performing the acts that cause his discharge." *Id.* See *Jean* v. *Director of the Div. of Employment Sec.,* 391 Mass. 206, 209 (1984); *Goodridge* v. *Director of the Div. of Employment Sec.,* 375 Mass. 434, 436 (1978). Even if, as counsel for the division argued, the plea reflected poorly on the employer, there is no evidence that the plea was entered with the intention of harming or tarnishing the image of the employer. The record reflects that the plaintiff claimed he was innocent; for all that is shown in the record, he may have admitted to sufficient facts to avoid the expense, publicity, and notoriety which a full trial might engender. See *Wardell* v. *Director of the Div. of Employment Sec., supra* at 438.

The board also suggests that the plaintiff's failure to inform his employer of the charge and of the legal proceedings constituted the relevant misconduct.[7] The employer bears the burden both of producing evidence regarding its expectations and of persuading the board of the sufficiency of that evidence. See *Cantres* v. *Director of the Div. of Employment Sec.,* 396 Mass.

---

[7] The record suggests that the main reason for the discharge was the charge and the admission to sufficient facts rather than the failure to inform the employer of the proceedings. See note 4, *supra.*

226, 231 (1985). There is no evidence in this case of a work rule or regulation, an employee handbook, or any other means of informing employees that they have a duty to report any and all arrests or admissions to sufficient facts. If an employer wants notice of such conduct, it may implement such a requirement by a rule, regulation, handbook, or some other method of notification.

In reaching this result, we express no opinion as to whether the employer was justified in discharging the plaintiff. That issue is not before us. We merely conclude on the record before us that the employee was not disqualified from receiving unemployment benefits by reason of G. L. c. 151A, § 25 (*e*) (2).

The judgment of the District Court is reversed, and the case is remanded for the entry of a judgment awarding benefits.

*Judgment reversed.*