**BUSINESS CENTERS OF MISSOURI, INC., Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION and Renita Coburn, Respondents.**

**No. 53029.**

Missouri Court of Appeals, Eastern District, Division One.

Jan. 19, 1988.

J. Richard Mceachern, Valerie Gail Richardson, St. Louis, for appellant.

Alan J. Downs, Government Counsel, Jefferson City, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant Business Centers of Missouri, Inc. (employer) discharged Renita Coburn (claimant) from employment for alleged misconduct connected with her work.

Upon application for unemployment benefits, a deputy from the Missouri Division of Employment Security disqualified claimant for twelve weeks of benefits based on the deputy's finding that claimant was discharged for misconduct connected with her work. Claimant appealed the ruling to the Division's Appeals Tribunal. After receiving testimony from claimant and the employer's president and office manager, the appeals referee reversed, finding that claimant was discharged but not for misconduct connected with her work. On application for review the Labor and Industrial Relations Commission adopted the findings and conclusions of the appeals referee. Employer then petitioned the St. Louis City Circuit Court for review. The circuit court affirmed the decision of the Commission. Employer appeals.

Employer operates a telephone answering service and employed claimant as an operator for one and one half years. On December 10, 1985, claimant received a call for one of employer's clients. The caller was a professional baseball player in St. Louis. Claimant testified that she became very excited and told the ball player that she had always wanted to meet him. Claimant further testified that during the course of leaving the message, the ball player said that he was looking forward to meeting her and indicated that she should give him a call. Claimant testified that the ball player then gave her a telephone number. That telephone number was the same number which the ball player gave to claimant as part of the message. Later, after she went home from work, claimant called the ball player to arrange a meeting which the ball player declined.

The ball player complained to the employer's client about claimant's telephone call. The client contacted the employer to complain about claimant's actions. When employer's president confronted claimant about the call, she admitted having made the call but insisted the ball player had invited her to call. The employer discharged claimant for using confidential information from a client in violation of operating rules. Employer's president testified at the hearing that he would not have discharged claimant had he believed that the ball player had invited claimant to call him.

On appeal, the issue before us is whether the Commission's decision is supported by competent and substantial evidence. *Francis Howell School Dist. v. Labor & Indus. Rel. Comm'n*, 687 S.W.2d 681, 683–84 (Mo.App., E.D.1985). Generally, the claimant has the burden to prove she is entitled to the benefits. *Id.* at 684. But where an employer claims that an employee was discharged for misconduct, the employer has the burden of proving misconduct by competent and substantial evidence. *See Clemons v. Blache*, 501 So.2d 1020, 1022 (La.Ct.App.1987); *Santos v. Dir. of Div. of Employment Security*, 398 Mass. 471, 498 N.E.2d 118, 120 (1986); *Engler v. Marshall Turkey Plant*, 409 N.W. 2d 570, 572–73 (Minn.Ct.App.1987); *Looney v. Unemployment Comp. Bd. of Review*, —— Pa.Cmwlth. ——, 529 A.2d 612, 613–14 (1987).

The only competent evidence before the Commission regarding whether claimant was invited to call the ball player was the claimant's testimony. Both the employer's president and the office manager testified as to what others had told them about the alleged misconduct. The Commission weighed the credibility of the witnesses and chose to believe that claimant was acting upon what she believed to be an invitation to call the ball player. The Commission was free to believe claimant's testimony. *IXL Mfg. Co. v. Labor & Indus. Rel. Comm'n*, 679 S.W.2d 903, 905 (Mo.App., S.D.1984).

Employer argues on appeal that the appeals referee had no competent and substantial evidence before him to support his finding in that claimant's testimony regarding her conversation with the player was hearsay. But claimant also testified as to her state of mind or belief that the ball player invited her to call. This testimony was not hearsay nor based upon hearsay, and was enough evidence to support the referee's finding. Further, as we noted above, the employer had the burden to

prove misconduct; claimant did not have the burden to prove absence of misconduct. As the referee pointed out, the ball player could have been subpoenaed to testify. Employer chose not to subpoena the ball player and must not now complain for lack of competent evidence to prove the alleged misconduct.

The Commission's findings and conclusions were supported by competent and substantial evidence. We affirm.

CRIST and GRIMM, JJ., concur.