NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-367

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 5503

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his reclassification by the Sex Offender Registry Board (the board) as a level one sex offender. On appeal, Doe challenges (1) whether the hearing examiner abused his discretion in applying factors ten (contact with the criminal justice system), eleven (violence unrelated to sexual assaults), and fifteen (hostility towards women) insofar as the application of those factors was based on hearsay he argues was unreliable; (2) whether the examiner misapplied factors two (repetitive and compulsive behavior) and sixteen (public place); and (3) whether the examiner's decision was supported by substantial evidence. We affirm.

Background.  We summarize the facts as set forth in the hearing examiner's decision, "supplemented by undisputed facts from the record."  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011) (Doe No. 10800).

On three occasions in 1995, Doe, twenty-eight years old at the time, had sexual intercourse with the victim, a fourteen year old girl, while her father was at work.  In a written statement to the police, the victim's younger sister said she saw Doe and the victim kissing on the couch on one occasion, and that the victim later told her she and Doe engaged in sex.  The victim, a friend of Doe's stepdaughter, told the police that she and the defendant had sex.  However, she was unable to consent by law because she was only fourteen.

On January 25, 1996, Doe pleaded guilty to three counts of rape and abuse of a child, pursuant to G. L. c. 265, § 23, as then in effect,[1] and received three concurrent two-year sentences in the house of correction.  On June 30, 2003, the board notified Doe of his duty to register as a level two sex offender.  Thereafter, Doe requested a hearing to challenge the classification.  After a hearing held on November 10, 2003, Doe was classified as a level one sex offender.  In the decision,

_____

[1] The statute was amended in 1998 and 2008.

2

the examiner determined that Doe presented a low risk to reoffend and a low degree of dangerousness.

On November 12, 2016, police officers were dispatched to the house of Doe's girlfriend (the girlfriend), and the girlfriend told the police that Doe had physically abused her. The physical abuse was not sexual in nature. The girlfriend reported that Doe pushed her backwards, punched her in the right side of her mouth with a closed fist, kicked her in the right side of her stomach, and punched her again in the middle of her back with a closed fist. The girlfriend later reported to the police that Doe told her, "[M]ake sure you tell your family to start saving money and be ready to bury you seven feet underground."

On November 21, 2016, the girlfriend obtained an abuse prevention order against Doe, which required that Doe stay away from and have no contact with her. The girlfriend provided a signed affidavit detailing the November 12, 2016 incident with Doe. The girlfriend reported, however, that Doe had contacted her and her daughter via anonymous phone calls and text messages, made further threats, and had driven past her house multiple times after November 21, 2016.

Consequently, on December 5, 2016, Doe was charged with assault and battery on a family or household member, threat to commit a crime, and violating an abuse prevention order. On

3

December 9, 2016, Doe was again charged with violating an abuse prevention order.  On July 11, 2017, the girlfriend asserted her privilege under the Fifth Amendment to the United States Constitution not to testify against Doe; the related charges of assault and battery on a family or household member, threat to commit a crime, and violation of an abuse prevention order were dismissed.

On April 21, 2021, Doe submitted a letter to the board requesting reclassification, which was accepted as a motion for relief of his obligation to register.  The girlfriend informed the hearing examiner via letter that she is not fearful of Doe and that he is a nice and loving person.  After a hearing on June 15, 2022, Doe was ordered to continue registering as a level one sex offender.  In the decision, the examiner considered risk-elevating factors, including factors ten (contact with the criminal justice system), eleven (violence unrelated to sexual assaults), and fifteen (hostility towards women).[2]  On October 18, 2022, Doe requested judicial review of

_____

[2] The hearing examiner additionally considered high-risk factor three (adult offender with child victim) and risk-elevating factors seven (relationship between offender and victim), nine (alcohol and substance abuse), twelve (behavior while incarcerated or civilly committed), sixteen (public place) and nineteen (level of physical contact).  The examiner considered risk-mitigating factors twenty-nine (offense free time in the community), thirty (advanced age), thirty-two (sex offender treatment), and thirty-four (materials submitted by the sex offender regarding stability in the community).

the examiner's decision, and a Superior Court judge upheld the classification.

Discussion. "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391). Our review of the board's decision is limited, and we will not disturb the board's classification unless "we determine that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Doe No. 10800, 459 Mass. at 633. In reviewing the board's decision, "[w]e give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citation omitted). Doe No. 523391, supra at 88.

1. Hearsay. Contrary to Doe's contention, the examiner properly relied on the hearsay allegations in applying factors ten (contact with the criminal justice system), eleven (violence unrelated to sexual assaults), and fifteen (hostility towards women). In the context of a sex offender classification hearing, hearsay evidence may be admissible if it bears sufficient indicia of reliability. Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76-77 (2015) (Doe No. 356011). "Common indicia of

5

reliability include a detailed account; the consistency of the hearsay incident with other, known behavior; admissions by the offender; and independent corroboration" (citations omitted). Doe No. 523391, 95 Mass. App. Ct. at 89.

Here, the examiner did not abuse his discretion in determining that the police reports and the girlfriend's statements bore sufficient indicia of reliability. See Doe No. 356011, 88 Mass. App. Ct. at 77. The girlfriend's allegations were factually detailed, explaining that the physical abuse took place after a verbal argument over another woman Doe was dating. Additionally, the statements described how Doe attacked the girlfriend by pushing her backwards, punching her in the mouth with a closed fist, kicking her in the stomach, and then punching her again in the middle of her back with a closed fist. The allegations were corroborated by the restraining order, supported by the girlfriend's affidavit, that the girlfriend obtained,[3] which requires proof by a preponderance of the evidence. See Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 757 (2021) (Doe No. 3177) ("[T]he board may consider subsidiary facts that are proved by a preponderance of the evidence, including subsidiary facts

---

[3] A second woman received a restraining order against Doe on August 2, 1995. See Doe No. 523391, 95 Mass. App. Ct. at 89.

6

resulting in acquittals"); Iamele v. Asselin, 444 Mass. 734, 736 (2005) (preponderance of evidence standard to obtain initial protective order or later extension).[4]  Doe himself also admitted at the 2022 hearing to violating the restraining order by calling the girlfriend.

That the girlfriend asserted her Fifth Amendment privilege not to testify, resulting in dismissal of the charges, does not affect the admissibility of the hearsay evidence.  "[T]he lack of criminal conviction does not render information contained within a police report inadmissible in an administrative proceeding."  Doe No. 523391, 95 Mass. App. Ct. at 90.  The girlfriend's declining to testify against Doe does not mean the allegations are untrue, and the lack of conviction does not mean the evidence from the police report is inadmissible for the purpose of sex offender classification.  See id.  To the extent the girlfriend later asserted that Doe is nice and loving, "[t]he issue of credibility raised by such inconsistencies is a question for the [fact finder] to decide . . ." (quotation and citation omitted).  Commonwealth v. Clary, 388 Mass. 583, 589

---

[4] Doe relies on Wardell v. Division of Employment Sec., 397 Mass. 433, 436-437 (1986), for the proposition that dismissal of a criminal charge after an admission to sufficient facts does not constitute substantial evidence from which a finder of fact in a collateral civil proceeding can determine that the alleged misconduct occurred.  In light of Doe No. 3177, 486 Mass. at 757, Doe's reliance is misplaced.

(1983) ("Inconsistencies in testimony . . . do not render it insufficient").  The examiner did not abuse his discretion in considering the hearsay allegations against Doe.[5]

2. Application of the regulatory factors.  Doe argues that the examiner misapplied factors two (repetitive and compulsive behavior) and sixteen (public place).  Because Doe did not raise these issues in the Superior Court, they are waived.  See Doe, Sex Offender Registry Bd. No. 203108 v. Sex Offender Registry Bd., 87 Mass. App. Ct. 313, 321 (2015) (argument that examiner arbitrarily and capriciously applied certain factors waived when raised for first time on appeal).  In any event, we discern no error in the examiner's application of the factors.

a. Factor two.  Contrary to Doe's argument, the examiner did not consider factor two of whether Doe had "repetitive[ly] and compulsive[ly]" assaulted the victim.  Although the first examiner's decision in 2004 uses such language, the second examiner's decision, from which Doe appeals, does not.  Because the examiner did not apply factor two, no further discussion on this issue is warranted.

---

[5] The fact that the board could have but did not call Doe's brother is irrelevant.  The board is not required to present all possible evidence.  It is only required to present sufficient evidence.  See Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 298, 309 (2015) (board's burden of proof is clear and convincing evidence, which "must be sufficient to convey a 'high degree of probability' that the contested proposition is true" [citation omitted]).

8

b.  Factor sixteen.  Factor sixteen regarding misconduct in a public place provides that "a 'public place' includes . . . any place that is open to the scrutiny of others or where there is no expectation of privacy."  803 Code Mass. Regs. § 1.33(16)(a) (2016).  Here, the victim's sister was home and saw Doe and the victim kissing on the couch.  Doe could not have an expectation of privacy where another family member was in the home and could "scrutin[ize]" what they were doing.  803 Code Mass. Regs. § 1.33(16)(a) (2016).  The victim's sister could, and did, walk in on Doe and the victim, resulting in the victim's father finding out and reporting the incident to the police.  Thus, the examiner did not abuse his discretion by applying factor sixteen.  See Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 780, 789 (2006) (affirming application of factor sixteen where predicate offenses took place in bedroom and living room in part because definition of "public place" is not "limited to 'truly public places, like parks or schools'").

3.  Substantial evidence.  Doe argues that the examiner's decision was arbitrary and capricious because it was not supported by substantial evidence.  Substantial evidence is defined as "such evidence as a reasonable mind might accept as adequate to support a conclusion."  G. L. c. 30A, § 1.

9

Here, the examiner considered high-risk factor three (adult offender with child victim) and risk-elevating factors supported by the evidence.  Doe had vaginal intercourse three times with an extrafamilial fourteen year old girl when he was twenty-eight years old, supporting factor three, and risk-elevating factors seven (extrafamilial relationship), and nineteen (level of physical contact).  As noted, the victim's sister told the police she was in the home and saw Doe and the victim kissing on the couch on one occasion, supporting factor sixteen (public place).  Doe had a history with substance misuse and a twenty-seven year criminal history, including after his 2004 sex offender classification, supporting factor nine (alcohol and substance abuse), which the examiner minimally applied, and factor ten (contact with the criminal justice system).  In 2016, Doe physically abused the girlfriend, supporting factors eleven (violence unrelated to sexual assaults) and fifteen (hostility towards women).

The examiner also considered several risk-mitigating factors:  factor twenty-nine (offense-free time in the community), factor thirty (advanced age; age fifty-five at the time of classification), factor thirty-two (sex offender treatment), and factor thirty-four (materials submitted by the sex offender regarding stability in the community).  He also

10

considered additional factor thirty-five (psychological or psychiatric profiles Doe submitted regarding risk to reoffend).

We are not persuaded by Doe's argument that the examiner erred in applying minimal weight to a Federally ordered sex offender evaluation, the results of the Federal evaluator's use of the Static-99R, and Doe's completed sex offender treatment. Contrary to Doe's argument, the examiner did not "ignor[e]" the "contrary evidence" of the 2012 sex offender evaluation and the Static-99R results, but rather minimally considered them after careful analysis. See Commonwealth v. George, 477 Mass. 331, 340 (2017) (noting Static-99R is "limited tool" and its risk category labels would not assist jury in determining defendant's sexual dangerousness). The 2012 evaluation occurred before Doe's 2016 physical assault of the girlfriend, violations of the abuse prevention order she obtained, and 2017 conviction of possession of cocaine. Additionally, the examiner gave minimal consideration to Doe's completed sex offender treatment because no records were submitted regarding the type of sex offender treatment program or stating it was completed. "We can discern no error in the examiner's weighing of these . . . factors . . . ." Doe No. 523391, 95 Mass. App. Ct. at 94.

Altogether, the evidence was adequate for a "reasonable mind" to support the examiner's conclusions regarding the

11

applied factors.  G. L. c. 30A, § 1.  Accordingly, no error occurred.

Judgment affirmed.

By the Court (Henry, Shin & Brennan, JJ.[6]),

Clerk

Entered:  September 9, 2025.

---

[6] The panelists are listed in order of seniority.