## DUNLAP v EMPLOYMENT SECURITY COMMISSION

Docket No. 49195. Submitted June 13, 1980, at Lansing.—Decided
August 12, 1980. Leave to appeal applied for.

James W. Dunlap was employed by Walker Manufacturing Com-
pany, a division of Tenneco, Inc. He took medical leave because
of a back problem and was later discharged from his employ-
ment on the ground that in his initial employment application
he had indicated no prior back trouble or injury when, in fact,
he had suffered a minor back injury some six years before.
Dunlap applied to the Employment Security Commission for
unemployment benefits, which were denied for the reason that
Dunlap's discharge was for misconduct connected with his
work. Dunlap appealed to the Jackson Circuit Court, which
reversed and awarded benefits, finding that the pre-employ-
ment statement was not misconduct within the meaning of the
statutory provision for disqualification from benefits, Charles J.
Falahee, J. Walker appeals. *Held:*

The failure to characterize the minor injury as back trouble
or as a back injury was not misconduct of such a character as
to justify the denial of benefits. The decision of the circuit court
was not clearly erroneous.

Affirmed.

Unemployment Compensation — Disqualification for Benefits —
Misconduct — Statutes.

A person may be disqualified for unemployment compensation
benefits where he has been discharged from employment for
misconduct connected with his work; an employee's failure to
indicate on an employment application that he had had a
minor back injury six years previously which did not require
medical treatment did not constitute such misconduct as to
disqualify him from benefits (MCL 421.29[1][b]; MSA
17.531[1][b]).

*Marston, Sachs, Nunn, Kates, Kadushin &
O'Hare, P.C.* (by *Charles Looman*), for plaintiff.

Reference for Points in Headnote
[1] 76 Am Jur 2d, Unemployment Compensation § 52.

*Best, Arnold, Gleeson & Best, P.C.* (by *Chad C. Schmucker*), for defendant Walker Manufacturing Company.

Before: T. M. BURNS, P.J., and BEASLEY and G. R. DENEWETH,* JJ.

BEASLEY, J. Defendant-appellant, Walker Manufacturing Company, a division of Tenneco, Inc., appeals as of right from a circuit court judgment awarding plaintiff unemployment benefits. We affirm for the following reasons.

On August 29, 1974, plaintiff was hired by appellant after answering the following question on an employment application form and medical history questionnaire in the negative: "Have you ever had any back trouble or back injury?"

In October, 1975, plaintiff went on medical leave for approximately three months due to a back problem. In a medical report to defendant Walker Manufacturing Company, plaintiff's own doctor indicated plaintiff told him he had suffered a previous back injury in a swimming accident. As a result, on May 12, 1976, plaintiff was discharged by Walker Manufacturing on the basis of the answers he gave in the initial employment application and medical history questionnaire.

Plaintiff's application for unemployment compensation was denied for the reason that his discharge was for misconduct *connected* with his work under MCL 421.29(1)(b); MSA 17.531(1)(b), so as to disqualify him from benefits. The basis for the finding of misconduct was the misrepresentation in the personnel records. In a two-to-one decision, the MESC Board of Review affirmed the referee's decision. However, in a carefully pre-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pared opinion, the circuit judge reversed and awarded benefits, finding that plaintiff's pre-employment statements were not, as a matter of law, misconduct within the meaning of MCL 421.29(1)(b); MSA 17.531(1)(b).

The evidentiary record indicates that while a swimming incident did, in fact, occur in 1968, plaintiff was not treated medically at that time for any medically determinable back injury, and any problem disappeared within a couple of months.

Plaintiff also testified that in spite of the swimming accident, he made many jumps while a paratrooper in the military, although shortly before the end of his hitch he removed himself from jump status because of some muscle problem in his general back area. However, subsequent to that, plaintiff was hired by another employer after passing a pre-employment physical examination that included back x-rays.

Plaintiff said that the reason that he gave the answers that he did on the employment application and medical questionnaire was that he was not experiencing any difficulty with his back at the time he sought employment and that he had never really been medically treated for any back problem.

It also should be noted that plaintiff was subsequently reinstated by Walker Manufacturing after he underwent a complete physical examination, including a complete set of back x-rays which, apparently, turned out normal.

The statute provides:

"Sec. 29. (1) An individual shall be disqualified for benefits in all cases in which he: * * *

"(b) Has been discharged for misconduct connected with his work, whether or not the discharge has subse-

quently been reduced to a disciplinary layoff or suspension, or for intoxication while at work."

In this case, the act upon which the conclusion of misconduct was based occurred *prior* to employment. Every minor misstatement on an employment application does not constitute statutory misconduct of a level to justify denial of payment of unemployment compensation benefits.

At the time plaintiff was first employed, defendant did not choose to require him to submit to a physical examination and x-rays of his back. If they had known of the slight swimming accident, it does not seem that it would have prevented his being employed.

Before rehiring plaintiff, defendant gave him a complete physical, including what they refer to as "pre-employment" x-rays, the results of which were normal. Since defendant then reinstated plaintiff, it seems likely defendant would not have initially denied employment to plaintiff if they had ascertained all the facts.

We would believe that plaintiff's failure to characterize his minor swimming accident of six years earlier as "back trouble" or "back injury" was more an error of judgment than a deliberate and intentional falsification of his medical history. Under these circumstances, we decline to find that the trial judge was clearly in error in holding that, on the facts of this case,[1] the so-called misrepresentation on the job application did not constitute such misconduct as to disqualify plaintiff from unemployment compensation benefits.[2]

Affirmed.

---

[1] The facts do not appear to be in dispute.

[2] *Carter v Employment Security Comm,* 364 Mich 538; 111 NW2d 817 (1961).