Joel MASSEY, Claimant–Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MO., Mo. Div. of Employment Security, and Laclede Gas Company, Respondents–Respondents.

No. 52665.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer Denied Dec. 2, 1987.

Harry J. Nichols, St. Louis, for claimant-appellant.

Alan J. Downs, Jefferson City, for respondent-respondent Labor and Indus. Relations Com'n.

Larry R. Rhumann, St. Louis, Sandy Bowers, Jefferson City, for respondent-respondent Div. of Employment Sec.

John R. Truman, Harold I. Elbert, St. Louis, for respondent-respondent Laclede Gas Co.

Karen Moculeski, St. Louis, for Employer Laclede Gas Co.

REINHARD, Judge.

Claimant appeals from a judgment of the circuit court affirming the decision of the Labor and Industrial Relations Commission disqualifying him from receiving unemployment benefits for twelve weeks as authorized by § 288.050.2, RSMo 1986. The Commission found that claimant had been discharged for misconduct in connection with his work by falsifying a pre-employment medical history report. We affirm.

Laclede Gas Company hired claimant as a laborer on May 29, 1984. Prior to employment, claimant completed an employment application and was given a physical examination, which included his filling out a medical history report. The report asked claimant if he had ever had the following:

34. Back Trouble, Ruptured Disc, Pinched Nerve
36. Operations or Injuries
37. Hospitalized for illness or injuries

He answered each question by checking the "No" box. Claimant signed the report, certifying the truthfulness of his answers. He also signed the following statement on the employment application: "I understand that the information which I have supplied will be checked and that any false statement or omission of facts in connection with this application may result in: 1) No offer of employment, or 2) Dismissal from the company if already employed."

After claimant injured his back on the job while digging a tunnel in November, 1984, Laclede discovered that he had filed a worker's compensation claim on August 16, 1983, for an injury to his "lumbro sacral spine and associated nerves" that occurred on June 23, 1983, while he was employed by the City of St. Louis. Laclede terminated claimant's employment on December 20, 1984, for falsifying company records.

Pursuant to claimant's application for unemployment benefits, a deputy of the Division of Employment Security determined claimant was not disqualified from receiving benefits because claimant's discharge was not for misconduct connected with his work. Laclede appealed, and, after a hearing, an appeals tribunal reversed the decision of the deputy. The appeals tribunal found that claimant had been terminated for falsifying the medical history report on the questions concerning back trouble and hospitalization. It further found that falsification of his medical history was a willful disregard of the employer's interest, constituting misconduct by the claimant connected with his work. The tribunal concluded, therefore, "that the claimant was discharged on December 20, 1984, for misconduct connected with his work."

On appeal claimant argues that the Commission's findings that he willfully and falsely answered the questions are not supported by substantial evidence. In reviewing a question of fact we must view the

evidence in the light most favorable to the finding of the Commission. *Sain v. Labor and Industrial Relations Commission,* 564 S.W.2d 59, 61 (Mo.App.1978). If supported by the evidence, the findings of fact of the Commission are binding upon us. *Morotz v. Labor and Industrial Relations Commission,* 669 S.W.2d 60, 61 (Mo.App. 1984).

■ At the hearing before the appeals tribunal the medical history report was introduced into evidence. On it the three questions pertaining to back problems, operations or other injuries, and hospitalizations were answered negatively. Claimant testified, "I checked the majority of 'em (the answer boxes), some of 'em I didn't check because some of 'em didn't pertain to me." A records custodian from Laclede identified claimant's signature on the report, by which he certified the truthfulness of his answers. Laclede also introduced into evidence a copy of claimant's worker's compensation claim which indicated that he had suffered a back injury less than one year prior to his employment by Laclede. Claimant also testified he had been treated and released at a hospital for that back injury. While claimant on appeal argues that the questions were confusing and ambiguous, he did not testify at the hearing before the tribunal that he misunderstood or was confused by the questions. The Commission's finding of willful falsification is supported by the evidence.

Claimant alternatively contends that if he did intentionally fail to answer the questions honestly, his misrepresentations do not constitute misconduct connected with his work. Section 288.050.2 provides:

Notwithstanding the other provisions of this law, if a deputy finds that a claimant has been suspended or discharged for misconduct connected with his work, such claimant, depending upon the seriousness of the misconduct as determined by the deputy according to the circumstances in each case, shall be disqualified for waiting week credit or benefits for not less than four nor more than sixteen weeks for which he claims benefits and is otherwise eligible.

In addition to the disqualification for benefits under this provision the division may in the more aggravated cases of misconduct cancel all or any part of the individual's wage credits, which were established through his employment by the employer who discharged him, according to the seriousness of the misconduct. A disqualification provided for under this subsection shall not apply to any week which occurs after the claimant has earned wages for work insured under the unemployment compensation laws of any state in an amount equal to ten times his weekly benefit amount.

The Employment Security Law does not define "misconduct," but Missouri courts have adopted the definition set forth in 76 Am.Jur.2d *Unemployment Compensation* § 52 (1976):

[M]isconduct ... must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Storz Instrument Company v. Labor and Industrial Relations Commission,* 723 S.W.2d 72, 73 (Mo.App.1986); *Powell v. Division of Employment Security,* 669 S.W.2d 47, 50–51 (Mo.App.1984).

■ Whether misrepresentations by an employee on a pre-employment application or report constitute "misconduct connected with his work" is a question of first impression in Missouri. Courts in numerous other jurisdictions have held that misrepresentations on an application for employment can constitute "misconduct" disqualifying claimants from unemployment compensation, but they have applied different rules to determine whether particular misrepresentations constitute "misconduct." *See, e.g., Heitman v. Cronstroms Manufacturing, Inc.,* 401 N.W.2d 425, 428 (Minn.App. 1987); *Woodhams v. Ore–Ida Foods, Inc.,*

101 Idaho 369, 613 P.2d 380, 381 (1980); and *see* Annot., 23 A.L.R.4th 1272 (1983). To us, the better rule appears to be that statements in employment applications must be *materially false* before a discharge based on falsifications will result in a denial of unemployment benefits. Among the cases in which courts have adopted this view are *Heitman,* 401 N.W.2d at 428; *Dunlap v. Michigan Employment Security Commission,* 99 Mich. App. 400, 297 N.W.2d 682, 683 (1980); *Casias v. Industrial Commission,* 38 Colo. App. 261, 554 P.2d 1357, 1360 (1976); *Unemployment Compensation Board of Review v. Dixon,* 27 Pa.Cmwlth. 8, 365 A.2d 668, 669 (1976). The false statements on the application must be found to be material to the employee's ability to perform properly the duties for which he is employed.[1]

■ Most of the courts that have adopted a materiality standard have then remanded the case to the administrative agency to determine the materiality of the misrepresentation. Here, claimant was employed by Laclede as a laborer. Whether or not he had previous back trouble is highly significant for such employment. Thus, the answers to these questions were material to claimant's ability to perform his duties. Under the circumstances of this case, it is unnecessary to remand for a finding that is obvious from the record; therefore, the Commission did not err in disqualifying claimant from receiving benefits because he was discharged for willful misconduct connected with his work.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

**1.** The "misconduct" which disqualifies one for unemployment compensation benefits is different from good cause for discharge by an employer. Thus, an employer may have good cause to discharge an employee because he falsified information on his employment application yet may not prevent the employee from receiving unemployment benefits if the falsification is immaterial to the employee's position. *Heitman,* 401 N.W.2d at 428.