AARON'S AUTOMOTIVE PRODUCTS,
INC. Appellant,

v.

DIVISION OF EMPLOYMENT SECU-
RITY, STATE OF MISSOURI, and
Dennis Bowers, Respondents.

No. 20466

Missouri Court of Appeals,
Southern District,
Division Two.

July 17, 1996.

Rick E. Temple, King & Temple, Spring-
field, for appellant.

Employee is pro se, no brief filed.

Division of Employment Security did not
file brief.

PREWITT, Presiding Judge.

After being discharged from his employ-
ment with Appellant, Respondent Dennis

Bowers sought unemployment compensation benefits. Appellant responded to his claim, contending that he was discharged for misconduct connected with his work and should be disqualified from receiving benefits. Appellant–Employer appeals from an order of the Labor and Industrial Relations Commission allowing unemployment compensation benefits.[1]

Respondent Bowers began his employment with Appellant on May 31, 1994. In March of 1995, he was sent to the company doctor regarding a work-related back injury. Bowers then told the doctor about prior injuries to his back, inconsistent with a physical examination questionnaire he had earlier completed.

Appellant asked Respondent Bowers about the previous information regarding his back, and Bowers admitted he had not included that information in the questionnaire. As a result, he was then terminated for "falsifying company records," in violation of the company's employee handbook.

Bowers then applied for unemployment compensation benefits with Respondent Division. On April 5, 1995, a Division deputy determined that Respondent Bowers was discharged for misconduct connected with his work and disqualified him from receiving benefits for six weeks.

Thereafter, Bowers appealed the deputy's determination and an appeals referee reversed the deputy's determination, finding that Bowers was not disqualified from benefits. Following Appellant's application for review, the Labor & Industrial Relations Commission issued an order affirming and adopting the decision of the appeals tribunal. This appeal was filed on September 13, 1995.

The amendment to Section 288.210, RSMo Supp.1995, became effective August 28, 1995. Review under this section requires:

The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

■■■ The Commission's factual findings, if supported by competent and substantial evidence, in the absence of fraud, are conclusive. *Burns v. Labor & Indus. Relations Comm'n*, 845 S.W.2d 553, 554–55 (Mo. banc 1993). Review of the decision is done in the light most favorable to the Commission's findings and decisions. *Id.* at 555.

■■■ This Court is not bound by the Commission's findings on questions of law. *Kansas City Club v. Labor & Indus. Relations Comm'n*, 840 S.W.2d 273, 275 (Mo.App.1992); *St. John's Regional Medical Ctr. v. Labor & Indus. Relations Comm'n*, 814 S.W.2d 698, 699 (Mo.App.1991).

Section 288.050, RSMo 1994, deals with disqualification of unemployment compensation benefits for misconduct connected with work which results in discharge. The pertinent part of that statute reads as follows:

2. Notwithstanding the other provisions of this law, if a deputy finds that a claimant has been discharged for misconduct connected with his work, such claimant, depending upon the seriousness of the misconduct as determined by the deputy according to the circumstances in each case, shall be disqualified for waiting week credit or benefits for not less than four nor more than sixteen weeks for which he claims benefits and is otherwise eligible. In addition to the disqualification for benefits under this provision the division may

---

1. Appellant's notice of appeal named the present Respondents, as well as the Labor and Industrial Relations Commission of Missouri. Thereafter, the Labor and Industrial Relations Commission filed a motion to dismiss it as a party, due to changes in § 288.210, RSMo, adopted in 1995. Although pointing out certain problems relating to the amendment to this section, Appellant essentially took no position on the merits of the motion. This Court sustained the motion, concluding that the new wording of § 288.210 did not provide for the Commission to be a party in such an appeal.

in the more aggravated cases of misconduct cancel all or any part of the individual's wage credits, which were established through his employment by the employer who discharged him, according to the seriousness of the misconduct. A disqualification provided for under this subsection shall not apply to any week which occurs after the claimant has earned wages for work insured under the unemployment compensation laws of any state in an amount equal to eight times his weekly benefit amount.

Neither Section 288.050 nor any other section of Chapter 288 define "misconduct connected with his work." Judicially, "misconduct" has been defined:

[A]n act of wanton or willful disregard of the the employer's interest, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has aright to expect of his (or her) employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's obligations to the employer.

*Garden View Care Ctr., Inc. v. Labor and Indus. Relations* Comm'n, 848 S.W.2d 603, 605–06 (Mo.App.1993).

■ The purpose of unemployment compensation laws is to "benefit ... persons unemployed through no fault of their own." Section 288.020, RSMo 1994. *See also Stanton v. Missouri Div. of Employment Sec.,* 799 S.W.2d 202, 203 (Mo.App.1990). Disqualifying provisions of the unemployment compensation law are to be construed against the disallowance of benefits to unemployed but available workers. *Missouri Div. of Employment Sec. v. Labor & Indus. Relations Comm'n,* 651 S.W.2d 145, 148 (Mo. banc 1983). The employer has the burden of showing that an employee was discharged for misconduct connected with work. *Garden View,* 848 S.W.2d at 606.

**2.** Neither Respondent has filed a brief. Counsel for the Department of Labor and Industrial Relations courteously informed us that it would not be filing a brief "[b]ecause of the unique posi-

■ Appellant has one point relied on contending that the Commission erred in finding that claimant was not discharged for "misconduct connected with his work":

(1) The claimant's termination resulted from his falsification of a post-offer physical examination questionnaire, in violation of provisions of the appellant's employee handbook; and

(2) The false information supplied by the claimant was material to his ability to perform his duties with the appellant.[ 2]

The Commission found that the employee was discharged because he gave false answers on his pre-employment questionnaire. Appellant emphasizes that this was made as part of a "post-offer Physical Examination Questionnaire." We believe that the record supports Appellant's position and proceed on that premise.

■ Materially false representations by an employee on a preemployment application report constitutes misconduct connected with the employee's work. *Massey v. Labor & Indus. Relations Comm'n,* 740 S.W.2d 680, 682–83 (Mo.App.1987). In *Massey,* a laborer was disqualified because he made false statements material to his ability to perform his duties by omitting information of a previous back injury. *Id.* at 681.

The Commission concluded that an employer could not ask the questions to which the claimant made the erroneous answers under the Americans With Disabilities Act, thus the false answers could not be misconduct. That is not accurate, at least after an offer of employment, as the Americans With Disabilities Act, both in its laws and regulations, allows medical histories. *See* 42 U.S.C. § 12112 (1995); 29 C.F.R. § 1630.14(b).

The Commission also concluded that while the employee made the false statement, Appellant failed to demonstrate that it was material to the employee's ability to perform his duties. Following a back injury while employed with Appellant, the employee was sent to a medical doctor and he then revealed

tions of the parties, the Division feels that it is more appropriate ... to not take a position in this matter."

his previous injury. There is little, if any, dispute that his prior injury was material to his duties. *Cf. Massey*, 740 S.W.2d at 680.

The decision of the Commission is reversed, and the cause is remanded to the Commission to disqualify the employee for six weeks, as was initially determined by a deputy of Respondent Division, because he was discharged by the employer for misconduct connected with work.

SHRUM, C.J., and CROW, J., concur.