**CITY OF JENNINGS, Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY and Tim Jones, Respondents.**

No. 70893.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 8, 1997.

Lloyd E. Eaker & Jamis Kresyman, Clayton, for appellant.

Alan J. Downs and Ninion S. Riley, St. Louis, for respondent Mo. Dept. of Labor/Ind.

Rick Barry, Althea P. Johns, The Law Offices of Rick Barry, St. Louis, for respondent Tim Jones.

KAROHL, Judge.

The City of Jennings (City) appeals a decision of the Labor and Industrial Relations Commission (Commission) ruling Tim Jones (Jones), a former police officer of the City, was not disqualified from unemployment compensation benefits when the City discharged Jones on January 23, 1996. The City argues "[JONES] WAS DISCHARGED FOR MISCONDUCT CONNECTED WITH WORK," thus, he is disqualified from receiving unemployment benefits. When an employee is terminated for misconduct connected with the employee's work, the Division of Employment Security may disqualify the claimant from receiving unemployment benefits for a period up to sixteen weeks; if the misconduct is sufficiently egregious, the claimant may be denied benefits entirely. Section 288.050.2 RSMo 1994. After reviewing the evidence, the Commission found "the claimant's discharge on January 23, 1996, was not for misconduct connected with his work." We affirm the Commission's decision.

■ This court has jurisdiction to decide this controversy pursuant to § 288.210 RSMo Supp.1995. We review "[t]he findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, [they] shall be conclu-

sive, and [our jurisdiction] shall be confined to questions of law." *Id.* Thus, if the Commission's findings are supported by substantial evidence, it is our duty to affirm that decision even if we might have reached a different conclusion from the evidence.

In order for this court to perform its role of judicial review after a decision by the Commission, the aggrieved party must follow various appeal procedural steps, including submitting briefs to the court. *See generally,* Rule 81. The required contents of the brief are set forth in Rule 84.04. A significant section of that rule requires appellant to provide "points relied on." The points relied on shall state briefly and concisely what actions or rulings of the Commission are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations or authorities thereunder. Rule 84.04(d).

■ In this case, the City failed to conform to the requirements of Rule 84.04(d). The Missouri Supreme Court, in the renowned case of *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978), stated:

The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or matter of hypertechnicality on the part of appellate courts. It is rooted in sound policy. Perhaps the most important objective of the requirement relative to the points relied on is the threshold function of giving notice to the party opponent of the precise matters which must be contended with and answered. Absent that, it is difficult, at the very least, for respondent's counsel to properly perform his briefing obligation.... In addition, such notice is essential to inform the court of the issues presented for resolution.

. . . .

The more invidious problem is that the court may interpret the thrust of the contention differently than does the opponent or differently than was intended by the party asserting the contention. If that happens, the appellate process has failed in its primary objective of resolving issues raised and relied on in an appeal.

*Id.* at 686. In *Thummel* the court affirmed the decision of the court of appeals' decision not to consider appellant's points relied on which failed to comply with Rule 84.04(d). The City's brief in this case consisted of a simple, one issue "point relied on" which made no attempt to address wherein and why the Commission erred.

However, we will review on the merits. Jones did not move for dismissal, nor did the Division of Employment Security. Both filed their briefs in a timely fashion and appear to have addressed the issue the City was disputing. Also, the City substantially complied with Rule 84.04(d) in its reply brief by expanding the point relied on. We note that when a reply brief raises new points, courts will not consider such arguments. *See, Knopke v. Knopke,* 837 S.W.2d 907, 923 (Mo. App. W.D.1992). Whether a reply brief can correct the deficiencies contained in an appellant's original brief is an issue we need not decide on present facts. The conclusion reached by the Missouri Supreme Court in *Independent Stave Co., Inc. v. Higdon,* 572 S.W.2d 424 (Mo. banc 1978), decided one month after *Thummel, supra,* seems appropriate here. In *Independent Stave Co. Inc.,* the court noted that the appellants' original brief did not comply with the wherein and why requirements of Rule 84.04(d), but decided "some of those deficiencies are supplied in appellants' reply brief and we have concluded that the appeal should not be dismissed." *Id.* at 430. This comports with the court's reasoning that "[t]he final disposition of an appeal based on a failure to comply with the appellate briefing rules has long been a matter of great concern in this court. On numerous occasions we have expressed our reluctance to punish innocent parties for the shortcomings of counsel on appeal. As we have often declared, it is the policy of this court to decide cases on the merits whenever possible." *Thummel,* 570 S.W.2d at 690.

Jones was employed as a police officer for six years with the City before being terminated on January 23, 1996. The City opposed Jones' unemployment claim on the contention he was terminated by the mayor and city council for violations of police regulations and insubordination. The City alleged that three separate incidents resulted in Jones' termination. First, in January, 1995, Jones left the City's jurisdiction while on duty without obtaining permission Second, in February, 1995, Jones was outside of his jurisdiction again without permission. Jones was suspended for two days in June, 1995, in connection with the January incident, and notified that further violations could result in his termination. Finally, in December, 1995, Jones was insubordinate when he failed to present a medical note concerning a surgery procedure he was scheduled to undergo. The City's Chief of Police ordered Jones to produce the medical note before December 8, 1995, the scheduled date of Jones' surgery. In the evidentiary record before the Commission, the Chief of Police testified the medical note was not delivered by Jones until December 18, 1995; thus, Jones was insubordinate for failing to produce the medical note by December 8, 1995, as ordered. Jones and a secretary of the City testified the medical note requested was timely delivered to the City on December 7, 1995. The Commission believed Jones. However, the City argues Jones was terminated due to the December insubordination incident and prior violations of police regulations in January and February. The City argues Jones' actions were sufficient to support a finding he was fired for misconduct connected with work which would disqualify Jones for unemployment benefits.

Following his termination, Jones appealed the decision of the mayor and city council to the police board. The police board took testimony and gathered evidence regarding the termination of Jones. Jones later filed for unemployment compensation benefits with the Division of Employment Security. The City, as Jones' former employer, contested an award of unemployment benefits. A deputy for the Division of Employment Security determined that Jones was not disqualified from receiving benefits because Jones' discharge was not for misconduct connected with work. The deputy noted "THE CLAIMANT WAS DISCHARGED BECAUSE THE EMPLOYER BELIEVED THEY WERE NOT PROPERLY NOTIFIED OF THE CLAIMANT'S DATE FOR SURGERY. THE EMPLOYER WAS

PROPERLY NOTIFIED OF THE CLAIMANT'S DATE FOR SURGERY."

The City appealed the deputy's decision to the Division of Employment Security Appeals Tribunal (Tribunal). Both the City and Jones stipulated that the evidentiary record generated from the police board hearing be used in lieu of testimony before the Tribunal. The police board's findings of fact and conclusions of law were not part of the record considered by the Tribunal, nor are they considered here. The Tribunal considered the matter anew, and found that Jones was not disqualified from receiving unemployment benefits due to misconduct connected with work. On application for review the Labor and Industrial Relations Commission affirmed the Tribunal's decision and adopted the Tribunal's decision as the Commission's decision of the case.

The Missouri Employment Security Law does not define "misconduct" as used in § 288.050.2 RSMo 1994. The Commission relied on the definition of misconduct as articulated in *Ritch v. Industrial Commission*, 271 S.W.2d 791 (Mo.App.1954):

> Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Id.* at 793 (quoting 48 Am.Jur. 541, now 76 Am.Jur.2d Unemployment Compensation § 52 (1992)); *see also Massey v. Labor & Indus. Relations Comm'n*, 740 S.W.2d 680, 682 (Mo.App.1987). The Commission's reliance on *Ritch* for the definition of misconduct was well founded. Moreover, the Commission relied on our decision in *Business Centers of Missouri, Inc. v. Labor & Indus. Relations Comm'n*, 743 S.W.2d 588 (Mo.App. 1988), where we found an employee has the

burden to prove he or she is entitled to unemployment benefits; however, when an employer claims that an employee was discharged for misconduct connected with work, the employer bears the burden of proving misconduct by competent and substantial evidence. *Id.* at 589. The Commission's reliance on *Business Centers of Missouri, Inc.* to place the burden of proof was proper.

On the City's appeal, we consider whether the Commission's decision is supported by competent and substantial evidence. Section 288.210 RSMo Supp.1995; *Business Centers of Missouri, Inc.*, 743 S.W.2d at 589. The City's argument, that the Commission's decision is not supported by competent and substantial evidence, is in two parts. First, the City contends all three of the alleged incidents committed by Jones during his employment are actions of misconduct connected with work, and each incident by itself is sufficient misconduct which would disqualify Jones from receiving unemployment benefits. Second, the City contends the conclusion by the police board should control because the evidence in this controversy was taken from the hearing before the police board. Therefore, the City infers the police board, rather than the Commission, was in the best position to judge the credibility of witnesses.

■ We assume, without deciding, all three incidents alleged to have been committed should be considered when deciding if Jones was discharged for misconduct connected with work. The evidence shows the Commission did consider all three incidents when it determined Jones was not disqualified from receiving unemployment benefits. The Commission noted each of the three separate incidents in its findings of fact. Regarding the December incident of insubordination for failing to produce a medical note by December 7, 1995, the Commission accepted the testimony of "[Jones] and another witness [which] verified that the required doctor's statement was submitted on December 7, 1995. There was contradictory evidence by the Chief [of Police] ... [however], the [Commission] finds that the employer has failed to meet its burden to prove that the claimant intentionally or with reckless disregard for the interest of the employer failed to

supply the doctor's statement." The Commission's decision regarding the December incident is supported by competent and substantial evidence.

■ When the right to unemployment benefits depends on the acceptance of one of two conflicting testimonies, the issue is one of fact, and the Commission's finding will not be disturbed unless the Commission acted unreasonably or decided the issue contrary to the overwhelming weight of the evidence. *See Keener v. Wilcox Electric, Inc.*, 884 S.W.2d 744, 746 (Mo.App. W.D.1994). Furthermore, where the Commission, as trier of fact, has reached one of two possible conclusions from the evidence, this court will not reach a contrary conclusion even if such a conclusion might have reasonably been reached. *Heavy Duty Trux Ltd. v. Labor & Indus. Relations Comm'n*, 880 S.W.2d 637, 640 (Mo.App. W.D.1994).

■ The Commission also addressed the January, 1995, and February, 1995, incidents. It noted that Jones was suspended in June, 1995, for two days due to the January incident where Jones left the City's jurisdiction without permission. In June, 1995, the City notified Jones that repeated violations of this sort could result in his termination. At that time, the February incident was known to the Chief of Police, but it was still under investigation. The February incident was not brought to the mayor and city council's attention until after Jones' alleged insubordination action in December. The Commission noted the City included the February incident as a reason for Jones' discharge. But, the Commission was not persuaded that the February incident by itself was sufficient to be misconduct connected with work which would disqualify Jones from receiving unemployment benefits. The Commission found:

> The claimant was not advised that his job was in jeopardy for failing to follow the regulations until late June, 1995. At that point it logically follows he was put on notice that any future violations could jeopardize his employment.... The employer has failed to convince the [Commission] that the incident in February, 1995, should be treated as a subsequent act of insubordination or violation of the employer's

rules so as to constitute a second infraction after the suspension in June.

We find the January incident was the subject of a two day suspension. The December insubordination charge was rejected by the Commission. Jones could not have been terminated on the grounds of the February incident since that incident occurred before the June warning. Therefore, the City has failed to prove the February incident alone was misconduct, which would disqualify Jones from receiving unemployment benefits. The Commission's conclusions are supported by competent and substantial evidence.

■ The City's second argument is that the police board's findings of fact are conclusive on the issue of misconduct. It argues the Commission must defer to the police board. It relies on *Howard v. Missouri State Board of Education*, 913 S.W.2d 887 (Mo.App. S.D.1995) where the court stated that deference to a trial court's assessment of credibility does not apply because the evidence submitted in the case was solely from affidavits, depositions, and other presentations in writing. *Id.* at 888. However, even when facts are derived from pleadings, stipulations, exhibits and depositions, we defer to the facts, as determined by the finder of fact, in reviewing whether there is competent and substantial evidence to support the decision. *Keener v. Wilcox*, 884 S.W.2d at 746. That deference by an appellate court has no application here. The Commission has no appellate relationship with the police board. The police board was not the fact finder on the unemployment claim. The statute controlling our review expressly states "[t]he findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive...." Section 288.210 RSMo Supp.1995.

■ The City stipulated that the evidentiary record generated at the police board hearing be used by the Division of Employment Security in lieu of testimony. Having made an unconditional stipulation, the City cannot now add a condition or claim it was prejudiced by its own decision. Stipulations "are controlling and conclusive, and courts

are bound to enforce them." *Pierson v. Allen,* 409 S.W.2d 127, 130 (Mo.1966). Stipulations designed to simplify or shorten the litigation and reduce expenses to the parties are to be encouraged by courts, and enforced unless good cause is shown to the contrary. *State ex rel. Turri v. Keet,* 626 S.W.2d 422, 425 (Mo.App.1981). The City had every right to present testimony before the Tribunal and allow the credibility of each live witness to be weighed, rather than through transcribed testimony. It agreed to an alternate procedure. Furthermore, the findings of fact and conclusions of law reached by the police board were not part of the record before the Commission. We have denied the City's request to make them part of the record for this appeal. The police board hearing was held to insure that Jones' termination by the City was supported by evidence of good cause. The decision of the Commission was not whether Jones was discharged for good cause, but whether he was discharged for misconduct connected with work. The misconduct which disqualifies a claimant from receiving unemployment benefits is different from conduct that may be good cause for discharge. *Massey,* 740 S.W.2d at 683 n. 1. Therefore, an employer may have good cause to discharge an employee, but the employee may still have a meritorious claim for unemployment benefits. *Id.* The City has failed to establish that the Commission's decision is not supported by competent and substantial evidence.

We affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.