Jocelyn WORLEY, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. WD 55614.

Missouri Court of Appeals,
Western District.

Oct. 13, 1998.

Samuel I. McHenry, Kansas City, for appellant.

Sharon Ann Willis, Kansas City, for respondent.

Before SPINDEN, P.J., and ULRICH and EDWIN H. SMITH, JJ.

ULRICH, Judge.

Jocelyn Worley appeals the decision of the Labor and Industrial Relations Commission (Commission) denying her claim for unemployment benefits. The Commission found that Ms. Worley was disqualified from receiving unemployment benefits because she left her employment voluntarily without good cause. On appeal, Ms. Worley claims that the Commission's conclusion that she voluntarily left her employment was not supported by sufficient and competent evidence. The decision of the Commission is affirmed.

Jocelyn Worley was employed by the Center for Rheumatic Disease & the Center for Allergy–Immunology, P.C. as a billing clerk. In mid-August 1997, Ms. Worley's supervisor gave her written instructions for preparing payments and adjustments. On the morning of August 26, 1997, another billing clerk began some work that Ms. Worley failed to complete the night before. The other clerk noticed Ms. Worley had not completed her work according to the supervisor's written instructions and informed the supervisor. When Ms. Worley reported for work that day, the supervisor spoke with her about her performance.

Later that day, Ms. Worley asked her supervisor to check her work. Again, Ms. Worley was not following the written instructions. She asked the supervisor if she would compromise on how the work was to be done, and the supervisor replied, "No." Ms. Worley then stated that the supervisor was being "uncooperative" and that "she was going to give her two week's notice." The supervisor responded that she did not have to do that, but Ms. Worley said, "[Y]es, I do," and the conversation ended.

The next day, the supervisor met with Ms. Worley and told her that she needed her resignation in writing. Ms. Worley denied giving her notice, but the supervisor reiterated that she needed the resignation in writing. Ms. Worley replied, "[O]kay, fine," and left the room. She never provided a written resignation to her employer.

For the next several days, Ms. Worley continued to perform her job unsatisfactorally. On September 2, 1997, the administrative physician in the practice told her that they were holding her to her two week's notice and that she could either finish out the two weeks or leave that day and be paid for the

remaining time. Ms. Worley chose to leave that day.

Ms. Worley filed her initial claim for unemployment benefits in September 1997. On September 17, 1997, a deputy from the Missouri Division of Employment Security issued a determination that Ms. Worley was disqualified from receiving benefits because she was discharged by her employer for insubordination. Ms. Worley appealed the determination to the Appeals Tribunal, and a hearing was held on November 3, 1997. The Appeals Tribunal modified the deputy's determination stating that Ms. Worley was disqualified from receiving unemployment benefits because she left her employment voluntarily on September 2, 1997, without good cause. The Appeals Tribunal accepted the testimony of Ms. Worley's supervisor that Ms. Worley gave her two week's notice after she told Ms. Worley that she had to do her work a particular way. Ms. Worley then appealed to the Commission, and the Commission affirmed and adopted the Appeals Tribunal's decision. This appeal followed.

■ On appeal, Ms. Worley claims that the Commission's conclusion that she voluntarily left her employment without good cause was not supported by sufficient and competent evidence. Specifically, she argues that the evidence revealed that she only asked her supervisor if she should give her two weeks notice and that even if she did offer to resign, she immediately recanted the offer and continued to work until she was told to leave.

■ The function of a court reviewing a decision of the Commission is limited to determining whether upon the whole record the Commission could have reasonably made its findings and reached its result. *G.C. Serv. Ltd. Partnership v. Labor & Indus. Relations Comm'n*, 913 S.W.2d 411, 414 (Mo.App. 1996). The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the Commission on the following grounds and no other:

(1) That the Commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the Commission do not support the award; or

(4) That there is no sufficient competent evidence in the record to warrant the making of the award.

§ 288.210, RSMo Cum.Supp.1995; *Aaron's Automotive Products Inc. v. Division of Employment Sec.*, 926 S.W.2d 229, 230 (Mo.App. 1996). The Commission's factual findings, if supported by competent and substantial evidence, in the absence of fraud, shall be conclusive. *Id.* The evidence and all reasonable inferences drawn therefrom is viewed in the light most favorable to the findings of the Commission. *G.C. Serv.*, 913 S.W.2d at 414. Deference must be given to the Commission, as the trier of fact, in its assessment of credibility. *Kansas City Club v. Labor and Indus. Relations Comm'n*, 840 S.W.2d 273, 274 (Mo.App.1992). Accordingly, the reviewing court must affirm a factual determination by the Commission as to whether an employee voluntarily left his employ or was discharged if it is supported by competent and substantial evidence on the record as a whole. *Sokol v. Labor and Indus. Relations Comm'n of Missouri*, 946 S.W.2d 20, 24 (Mo.App.1997). On questions of law, however, a reviewing court is not bound by the Commission's findings. *Aaron's Automotive*, 926 S.W.2d at 230; *Kansas City Club*, 840 S.W.2d at 275.

■ A claimant is not eligible for unemployment benefits if she voluntarily quits her job without good cause attributable to the work or the employer. § 288.050.1(1), RSMo 1994; *Wingo v. Pediatric and Adolescent Med. Consultants, Inc.*, 932 S.W.2d 898, 899 (Mo.App.1996). Specifically, section 288.050.1, RSMo 1994, provides:

Nothwithstanding the other provisions of this law, a claimant shall be disqualified for waiting week credit or benefits until after he has earned wages for work insured under the unemployment compensation laws of any state equal to ten times his weekly benefit amount if the deputy finds:

(1) That he was left his work voluntarily without good cause attributable to his work or to his employer; ...

§ 288.050.1, RSMo 1994. Where an employer claims the employee voluntarily left without good cause, the employee/claimant has the burden of proving eligibility for unemployment benefits. *Kansas City Club*, 840 S.W.2d at 275.

■ An employee is deemed to have left work voluntarily when she leaves of her own accord as opposed to being discharged, dismissed or subjected to layoff by the employer. *Division of Employment Sec. v. Labor and Indus. Relations Comm'n*, 617 S.W.2d 620, 622 (Mo.App.1981). "While the terms that the parties use to describe cessation of an employee's employment may be instructive, the relevant facts and circumstances are controlling." *Price v. Labor and Indus. Relations Comm'n of Missouri*, 811 S.W.2d 457, 459 (Mo.App.1991).

In this case, Ms. Worley contends that sufficient and competent evidence was not presented to support the Commission's determination that she voluntarily left her employment. At the hearing before the Appeals Tribunal, Ms. Worley testified that she did not give two week's notice to her supervisor but, instead, only asked her supervisor *if* she should give her notice when her supervisor expressed dissatisfaction with her work. Her supervisor, on the other hand, testified that when she confronted Ms. Worley about her unsatisfactory performance, Ms. Worley argued with her about how the work should be done, asked her if she would compromise on how the job was to be completed, and called her "uncooperative" when she insisted on having the work done a particular way. The supervisor then testified that Ms. Worley stated she was going to give her two week's notice. When told she did not have to do that, Ms. Worley replied, "[Y]es, I do." The issue of whether Ms. Worley voluntarily left her employment is a question of fact with the supervisor presenting evidence that she did and Ms. Worley presenting evidence that she did not. When conflicting evidence is presented, resolution of the conflict is the job of the Commission, and its resolution is binding on the reviewing court. *G.C. Serv.*, 913 S.W.2d at 414. The Appeals Tribunal, and subsequently the Commission, specifically accepted the supervisor's testimony that Ms.

Worley gave her notice and rejected Ms. Worley's testimony that she did not. The Commission's factual finding that Ms. Worley gave her two week's notice was supported by sufficient and competent evidence and, therefore, is conclusive on the fact question of whether Ms. Worley gave notice. Having given her two week's notice, Ms. Worley left her employment of her own accord. Even if she later regretted the decision to quit, which was not necessarily found by the Commission, it did not affect the conclusion that she voluntarily left her employment. The Commission's decision denying her unemployment benefits based on her voluntarily leaving her employment is, therefore, affirmed.

All concur.