## WINCO MANUFACTURING, INC., Appellant,

v.

## Salvatore CAPONE and Division of Employment Security, Respondents.

### No. ED 83508.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 4, 2004.

Mark W. Weisman, St. Louis, MO, for appellant.

Larry R. Ruhmann, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Winco Manufacturing, Inc. ("Winco") appeals the decision of the Labor and Industrial Relations Commission ("LIRC") affirming the decision of the appeals tribunal of the Division of Employment Security to award unemployment benefits to Salvatore Capone ("Capone"). Winco claims that the LIRC erred in awarding Capone benefits because the facts show that Capone voluntarily quit his job without good cause. Furthermore, Winco argues that even if the LIRC was correct in determining that Capone was discharged, and did not leave his employment voluntarily, the discharge was the result of Capone's misconduct. Because we find that Capone voluntarily quit his job without good cause attributable to his work or employer, we reverse.

Capone worked for Winco assembling windows. He was issued a written reprimand for failing to call in on a day he was absent from work. Winco had a policy that required an employee to submit to a drug and alcohol test if the employee was issued a reprimand. When Capone was given the reprimand, he was required to submit to a drug and alcohol test. The general manager told Capone if he refused to take the drug and alcohol test, he would be terminated. After initially going to the test location, Capone ultimately refused to take the test and left work. He did not speak to anyone after leaving regarding his decision. Capone subsequently filed an application for unemployment benefits, and a deputy for the Missouri Division of Employment Security determined that Capone was disqualified from receiving benefits because he left work voluntarily and without "good cause attributable to his work or employer...." Capone appealed this decision. The appeals tribunal for the Missouri Division of Employment Security reversed the finding of the deputy, and found that Capone had been discharged for failure to take a drug and alcohol test. The tribunal further determined that Capone's refusal to comply with the request of his employer was not work-related misconduct. Winco then filed an application for review of the decision of the appeals tribunal. The LIRC ultimately affirmed the decision of the appeals tribunal, and the present appeal followed.

Winco argues that the LIRC erred in awarding benefits to Capone because he voluntarily left his employment without good cause. The Division of Employment Security concedes error, and states in its brief that the LIRC's findings were not supported by the facts of the case. The Division of Employment Security, in agreement with Winco, claims that the facts supported a determination that Capone voluntarily quit his job without good cause attributable to his work or his em-

ployer. No brief was filed on behalf of Capone.

Our standard of review is contained in section 288.210 RSMo (2000)[1], and in relevant part, the statute provides:

"The findings of the [LIRC] as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the [LIRC] on the following grounds and no other:

(1) That the [LIRC] acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the [LIRC] do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award."

■ Pursuant to section 288.050, an employee will be disqualified from benefits if he has "left work voluntarily without good cause attributable to such work or to the claimant's employer...." The determination of the LIRC as to whether an employee voluntarily left his employment, or whether the employee was discharged is one of fact, and we grant the LIRC deference as to its finding in this regard. *Quik 'N Tasty Foods, Inc. v. Division of Employment Security,* 17 S.W.3d 620, 625 (Mo.App.2000). However, we do consider whether the law, as applied to the facts determined by the LIRC, would permit an award of benefits. *Id.* The question of whether an employee had good cause to leave his employment is a legal issue, and we do not grant the LIRC deference with respect to its findings as to good cause. *Id.* at 624.

■ An employee will not be entitled to unemployment benefits if he voluntarily quits his job without good cause attributable to the work or to his employer. *Cooper v. Hy–Vee, Inc.,* 31 S.W.3d 497, 502 (Mo.App.2000). Thus, we first consider the claim that the LIRC erred in determining that Capone was discharged from his position.

■ "An employee is deemed to have left work voluntarily when [he] leaves of [his] own accord as opposed to being discharged, dismissed or subjected to layoff by the employer." *Worley v. Division of Employment Sec.,* 978 S.W.2d 480, 483 (Mo.App.1998). Although the terms used by the parties to describe the end of an employee's job may be instructive, the particular facts and circumstances of each case control. *Id.*

Here, Capone was told he had to take a drug and alcohol test because he received a written reprimand. This was Winco's policy. When Capone was escorted to the test location, the general manager told him that if Capone refused to take the drug and alcohol test, he would be terminated. Capone went to the test location, but left voluntarily, and of his own accord prior to taking a drug and alcohol test.

■ In *Missouri Div. of Employment Security v. Labor and Indus. Relations Com'n of Missouri,* 739 S.W.2d 747 (Mo. App.1987), the court of appeals determined that an employee who quit his job in anticipation of a layoff had left voluntarily, and therefore was not entitled to benefits. We are faced with a similar issue in the present case. Capone testified that he was told if he refused to take the drug and alcohol test, he would be terminated. However, he voluntarily chose not to submit to the test, and he left and did not return to work. In a letter of protest from Winco, it is noted that Capone abandoned

1. All further statutory references are to RSMo (2000).

his position after refusing to take the drug and alcohol test. There is no evidence in the record that Capone was terminated from his position. The facts and evidence do not support the finding that Capone was discharged from his position. Therefore, the finding that Capone was discharged was erroneous.

After determining that an employee voluntarily left his employment, we must next consider whether such departure was justified by good cause. *Cooper,* 31 S.W.3d at 502. The term "good cause" does not have a fixed or precise meaning, and it will be determined from the facts of each particular case. *Id.* However, the term has been interpreted to mean "cause that would motivate the average able-bodied and qualified worker in a similar situation to terminate his or her employment." *Id.*; (*quoting, Hessler v. Labor & Indus. Relations Comm'n,* 851 S.W.2d 516, 518 (Mo. banc 1993)). This "good cause" required to support an award of unemployment benefits when an employee voluntarily quits his job must be attributable to the work or to the employer. *Id.* at 503.

In the present case, we do not believe Capone had good cause to voluntarily quit his job. We note that "[g]ood faith is an essential element of good cause." *Wingo v. Pediatric and Adolescent Medical Consultants, Inc.,* 932 S.W.2d 898, 900 (Mo.App.1996). Evidence that an employee attempted to resolve a dispute before he resorted to the extreme remedy of quitting his employment may establish good faith. *Id.* In this case, Capone was asked to submit to a drug and alcohol test pursuant to company policy after he was presented with a reprimand for failing to report an absence. Patricia Pizzimenti, the human resources administrator for Winco, testified that the company had an "open door policy." Capone had the opportunity to discuss his concerns regarding the reprimand he received, or regarding his decision to leave; however, he chose not to speak with anyone regarding the situation. Thus, we do not believe Capone acted in good faith. Nor do we believe Capone quit based upon a "cause that would motivate the average able-bodied and qualified worker in a similar situation to terminate his or her employment." *Cooper,* 31 S.W.3d at 502 (citations omitted).

The facts from the record do not support the finding that Capone was discharged, but rather, Capone left his employment voluntarily and without good cause. Therefore, the LIRC erred in affirming the decision of the appeals tribunal granting Capone benefits. Because our determination with respect to the finding that Capone was discharged is dispositive, we do not need to address Winco's second point on appeal concerning whether Capone's misconduct resulted in discharge.

The decision of the LIRC is reversed.

WILLIAM H. CRANDALL, J., concurs.

LAWRENCE E. MOONEY, J., concurs in result.