

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| YUZI MUSSA, | ) | |
| | ) | |
| Appellant, | ) | WD84578 |
| | ) | |
| v. | ) | OPINION FILED: July 19, 2022 |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION**

Before Division Three: Gary D. Witt, Presiding Judge, Anthony Rex Gabbert, Judge and W. Douglas Thomson, Judge

Yuzi Mussa ("Mussa") appeals the decision of the Labor and Industrial Relations Commission ("Commission"), finding that Mussa was overpaid $2,240 in unemployment compensation benefits from March 22, 2020 through May 9, 2020, on a finding that Mussa was paid benefits for a period of disqualification. On appeal, Mussa claims that the Commission's decision is not supported by substantial evidence. The Division of Employment Security ("Division") moved this Court to dismiss Mussa's appellate brief for

failure to comply with Rule 84.04.[1]  We deny the Division's motion to dismiss Mussa's appellate brief, and we reverse the Commission's decision.

## Factual and Procedural Background

Mussa is a dental hygienist.  She worked for Myers Dental Clinic and Dr. Zavon F. Kanion, D.D.S., P.C. ("Dental Clinic").  At the beginning of the Covid-19 epidemic, in March of 2020, Dental Clinic did not have appropriate masks, face shields, or air purifiers.  Also, the dental hygiene room had two chairs that sat significantly less than six feet apart in violation of Centers for Disease Control and Prevention recommended social distancing.  Eventually, due to the Covid-19 epidemic, the City of Kansas City declared a shutdown of nonessential businesses, and Dental Clinic temporarily stopped performing elective dental services, which utilized the dental hygienists, and performed only emergency services for which dental hygienists were not necessary.  Despite being a cancer survivor, Mussa was the last remaining dental hygienist working at the clinic until she was no longer needed due to the shutdown in March of 2020.  While Mussa was not working, she applied for and received unemployment benefits beginning the week of March 23, 2020.

During this time, Mussa maintained contact with Dental Clinic.  On April 8, 2020, Mussa received the following group text message from Dr. Kanion and his wife, who was the office manager:

> Hey Team Members!  We are reaching out to see how you and your families are doing.  We miss our team as it was and hope and pray this madness will be over soon.  Please keep in touch and let us know how you're doing and if there is anything we can do to help you.  We are considering a video chat or

---

[1] All Rule references are to the Missouri Supreme Court Rules (2022).

2

zoom conference so we can see each other. Wish us luck with that technology. Take care!

Dr. Z. and Jackie

Mussa also had a visit at her home from Dr. Kanion and his wife to discuss the employees' safe return to work during which Mussa told them she would resume her duties as soon as the shutdown was lifted on May 11, 2020, and Mussa even reached out to Dental Clinic to inform them that she would return to work as soon as May 5 if she was needed. Mussa did not hear back from Dental Clinic before her return on May 11, 2020.

On June 12, 2020, the Division of Unemployment Security sent Mussa an Overpayment Determination, informing her that she had been overpaid unemployment benefits of $2,240 for the weeks of March 28, 2020, through May 9, 2020. The record does not reflect the basis for the Overpayment Determination other than the language in the notice stating that Mussa had received benefits during a period of disqualification. Mussa appealed, and the appeals tribunal held a hearing at which Mussa testified on her own behalf. Mussa also informed the appeals referee that she had three witnesses ready and available to testify, but the appeals referee did not take testimony from her witnesses. Mussa, who was proceeding *pro se*, also failed to call her own witnesses and at the close of the hearing answered "No" when asked whether she had anything further to add regarding the overpayment. No testimony or evidence was offered from Dental Clinic or to establish any basis for a disqualification from receiving benefits. On May 4, 2021, the Commission affirmed the decision of the Appeals Tribunal finding that Mussa had been overpaid in that she was disqualified from receiving benefits. This appeal follows.

## Standard of Review

Section 288.210 governs judicial review of Commission decisions of employment security matters. "Upon appeal no additional evidence shall be heard." Section 288.210. This Court may only modify, reverse, remand, or set aside the Commission's decision if: 1) the Commission acted without or in excess of its powers; 2) the decision was procured by fraud; 3) the facts found by the Commission do not support the award; or 4) there was no sufficient competent evidence in the record to warrant making the award. *Id.*; *417 Pet Sitting, LLC v. Div. of Emp. Sec.*, 616 S.W.3d 350, 358 (Mo. App. W.D. 2020).

## Analysis

### *Motion to Dismiss Mussa's brief*

The Commission moves this Court to dismiss Mussa's appellate brief for failure to comply with Supreme Court Rule 84.04. Rule 84.04 sets forth mandatory requirements for appellate briefs. *Walker v. Div. of Emp. Sec.*, 592 S.W.3d 384, 388 (Mo. App. W.D. 2020). Failure to comply with the rule is grounds for dismissal. *Wayne v. Div. of Emp. Sec.*, 600 S.W.3d 29, 34 n.2 (Mo. App. W.D. 2020). "The function of points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Lexow v. Boeing*, 643 S.W.3d 501, 505 (Mo. banc 2022) (internal quotation and alteration omitted). "A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Id.* Requiring parties to adhere to the briefing rules also "ensure[s] that appellate courts do not become advocates

4

by speculating on facts and arguments that have not been asserted." *Id.* (internal quotation omitted). Although Mussa's point on appeal does not exactly follow the "roadmap" established by Rule 84.04, it is clear as to the issue presented and argument raised, which is that the Commission's award was not supported by sufficient evidence, or any evidence at all. Even though the briefing rules are important, where possible, this Court's preference is to dispose of a case on the merits rather than to dismiss an appeal for deficiencies in the brief. *Id.*; *Wayne*, 600 S.W.3d at 34 n.2. For this reason, and because we can sufficiently ascertain Mussa's argument to review this case without becoming her advocate, we exercise our discretion to review her appeal and deny the Division's motion to dismiss her brief.

### *Evidence to Support the Commission's Decision*

Mussa's point on appeal is that the Commission's award was not supported by substantial evidence.[2] We agree. When Mussa filed her application for unemployment benefits, she was initially awarded benefits. An employer may dispute an award of benefits to an employee for various reasons, section 288.070, or a Division deputy may, "for good cause, reconsider any determination on any claim" within one year following the end of the benefit year. Section 288.070.5. In this case, there is no evidence in the record that Dental Clinic, Mussa's employer, disputed her award of benefits. However, the deputy apparently reconsidered and determined that Mussa had been overpaid benefits by virtue of her having been paid "during a period of disqualification." The overpayment

---

[2] The Division points out that Mussa has offered "evidence" with her appellate brief that was not part of the record below. We do not consider this evidence, as it was not presented to the Commission. Our opinion is based only on our review of the record as it was before the Commission.

determinations do not state either the factual or legal basis for the determination of disqualification.

One reason an employee claimant may be found disqualified to receive unemployment benefits is when the employee "left work voluntarily without good cause attributable to such work or to the claimant's employer." Section 288.050.1(1). Another reason is when the employee has been discharged for misconduct. Section 288.050.2. Again, Mussa's overpayment notice does not state any basis for the determination that she was disqualified, and no factual findings that would support any such determination appear anywhere in the record on appeal.

Where an employer "claims that the employee voluntarily left [her] employment without good cause attributable to [her] employer, the employee has the burden of proving that this is not the case, either by showing that [she] left work for good cause attributable to [her] employer, or by showing that [she] did not voluntarily leave work but rather was discharged." *Sokol v. Labor & Indus. Relations Comm.*, 946 S.W.2d 20, 23 (Mo. App. W.D. 1997); *Worley v. Div. of Emp. Sec.*, 978 S.W.2d 480, 483 (Mo. App. W.D. 1998) ("Where an employer claims the employee voluntarily left work without good cause, the employee/claimant has the burden of proving eligibility for unemployment benefits."). We have found no cases where an employee has been found to have failed to meet her burden where the employer has not first challenged the award of benefits. Section 288.070.5 permits a Division deputy to reconsider a benefits determination "for good cause," and requires the deputy to promptly notify interested parties of the deputy's redetermination "and the reasons therefore." This indicates that the party seeking reconsideration of the

6

award of benefits, in this case the Division, bears some burden to identify the factual circumstances which purportedly justify reconsideration of a previous benefits determination. Where the basis for the disqualification is misconduct, the burden is on the employer to show that the employee committed misconduct associated with her work. *Wooden v. Div. of Emp. Sec.*, 364 S.W.3d 750, 753 (Mo. App. W.D. 2012).

If the basis for the conclusion that Mussa was disqualified was that she committed misconduct, the conclusion is clearly not supported by substantial evidence, as the burden to show misconduct would have been on the employer, who did not present any evidence to the Division or the appeals referee. If the basis for the conclusion of disqualification was that Mussa quit work voluntarily without good cause attributable to her work, we also find that such determination is unsupported by substantial evidence.

*Assuming* that Mussa bore the burden of proving that she did not quit work voluntarily without good cause, even absent her employer's assertion that she had, the question of whether the employee left work voluntarily is generally a question of fact, on which we defer to the Commission. *Morris v. Glenridge Children's Ctr., Inc.*, 436 S.W.3d 732, 736 (Mo. App. E.D. 2014). "Whether [an employee's] reason for leaving employment constituted good cause attributable to such work or to her employer is a legal issue on which we do not defer to the Commission's determination." *Rodriguez v. Osco Drug*, 166 S.W.3d 138, 141 (Mo. App. W.D. 2005). In determining this issue, "we are guided by Section 288.020. . . which directs that the unemployment security law be liberally construed so as to further Missouri's public policy of 'promoting economic security,' in setting aside unemployment reserves to benefit persons unemployed through no fault of

7

their own." *Cooper v. Hy-Vee, Inc.*, 31 S.W.3d 497, 502 (Mo. App. W.D. 2000). Even on the "factual" issue of voluntary-quit, however, there is some application of the facts to the law, and we construe the voluntary-quit provision "strictly and narrowly in favor of finding that an employee is entitled to compensation." *Baby-Tenda Corp. v. Hedrick*, 50 S.W.3d 369, 374 (Mo. App. W.D. 2001).

Mussa filed an appeal of the overpayment determination and testified on her own behalf at the hearing. Mussa's written appeal and her appeal hearing testimony are the only evidence that appears in the record. Mussa testified that she was a dental hygienist, and as such did not provide "essential" or emergency services for Dental Clinic. She testified that she was the last dental hygienist working in the office, even though she was a cancer survivor, when the City of Kansas City declared a shutdown of nonessential businesses and the dental practice became limited to emergency services only on March 18, 2020. No dental hygienists were necessary for the emergency services being provided at that time. The evidence was that Mussa was in contact with Dr. Kanion and Mrs. Kanion, the office manager, during the shutdown, that the Kanions missed their "team" and "pray[ed] this madness will be over soon," and that Mussa even offered to return to work on May 5, 2020, a week earlier than the scheduled return date. Mussa returned to work on May 11, 2020, after the office reopened for all services. Mussa provided the appeals referee conducting her hearing with copies of the texts Dr. Kanion sent to her. Again, no one from Dental Clinic testified in opposition to Mussa at her hearing, and there is no evidence that Dental Clinic otherwise objected to Mussa's application for benefits or that she voluntarily quit her employment. No evidence appears in the record to contradict Mussa's evidence that

8

she did not voluntarily leave her work but instead that there was no work available for her during the government-imposed shutdown. If the Division based its determination that Mussa had been overpaid benefits during a period of disqualification on the basis that she had quit voluntarily without good cause attributable to her work, we find that conclusion to be unsupported by substantial evidence in the record, particularly when the evidence is considered through the framework of section 288.020. This record provides no basis for even a bare legal conclusion that Mussa was disqualified from receiving benefits for any reason.

The Division points to *Vaughn v. Missouri CVS Pharmacy, LLC*, 635 S.W.3d 378 (Mo. App. E.D. 2021). *Vaughn* is inapposite, however, because in *Vaughn*, it was clear that the Commission had found that the employee left work voluntarily without good cause attributable to her employment; there was evidence that the employer in *Vaughn* at all times had work available for the employee to perform if she had been available. Mussa claimed that such was not the case with Dental Clinic, because Dental Clinic was only performing emergency services during the time in question, which Mussa, as a dental hygienist, did not provide. No contradictory evidence appears in the record to support the Commission's finding that Mussa could have worked if she had made herself available during this period. The Overpayment Determination, the Decision of the Appeals Tribunal, and the Commission's Decision state only the bare legal conclusion that Mussa was disqualified. No legal or factual basis for the disqualification was ever given, and no factual findings supporting any of the available legal bases for disqualification were ever set forth, nor were any credibility determinations made. We conclude that the Commission's decision was not

9

supported by substantial evidence, or any evidence. Accordingly, we reverse the Commission's decision.

## Conclusion

For all of the above-stated reasons, we deny the Division's motion to dismiss Mussa's appeal based on errors in her appellate brief, and we reverse the decision of the Commission. Mussa was not disqualified from receiving benefits during the time period relevant to the Commission's decision and is not required to repay the unemployment benefits she received.

_____
Gary D. Witt, Judge

All concur